Clarence JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 15, 1956.

**551**

Shuffett & Butler, Greensburg, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

The appellant, Clarence Johnson, was sentenced to thirty days in jail and fined $50 for transporting an intoxicating malt beverage (beer) for sale in local option territory. His automobile was stopped by a State Trooper ostensibly to check appellant's driver's license after the Trooper had received a telephone call from police headquarters to the effect that appellant probably had beer in the car. The Trooper testified that he asked the appellant what he was hauling, and appellant voluntarily opened the trunk of the car which revealed the presence of six cases of beer, whereupon the Trooper took appellant to the Sheriff's office and swore out a warrant for his arrest. The Sheriff testified that the appellant had a current reputation for trafficking in alcoholic beverages in local option territory.

The appellant admitted he opened the trunk of his car when the Trooper asked him if he minded opening the trunk and letting the Trooper see what was in it. In fact, the appellant told the Trooper, "I said, no, I don't mind," that is, opening the trunk. Later on in his testimony the appellant claimed he opened the trunk on order of the Trooper.

The appellant contends that the search was illegal and the evidence resulting therefrom was incompetent and inadmissible. His contention is based on the theory that no offense had been committed in the presence of the officer and the officer had no warrant authorizing the search. The Commonwealth asserts that the search was made with the consent of the appellant, and hence was legal and the evidence thereby obtained was competent. The trial court submitted to the jury the question of whether the search was made with the consent of the appellant and directed that he be acquitted if it was not made with his consent.

The State Police have a statutory duty to enforce the motor vehicle laws of the state, and may at any time require a motorist to display his driver's license. KRS 186.510. In the case at bar, there is really no conflicting evidence as to whether the search was consented to by the appellant although that question was submitted to the jury to resolve. It is compulsory search without a warrant which the Constitution enjoins, not a search consented to by the one whose person or property is searched. At the time the search was made the appellant was not under arrest and his disclosure of the contents of his automobile was made without any charge being made against him. However, where the search was made with consent, as the jury held this one was, it was legal and the evidence thus obtained competent and admissible. Pigg v. Commonwealth, Ky., 284 S.W.2d 670.

The judgment is affirmed.