Jimmie JOHNS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1965.

William J. Weaver, Lewis & Weaver, London, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant was convicted of illegally transporting alcoholic beverages in local option territory. KRS 242.230. His punishment was assessed at a fine of $50 and imprisonment for fifty days; he prosecutes this appeal by motion. KRS 21.140(2).

The question presented is whether the search of appellant's automobile was legally accomplished.

State Trooper Walker arrested appellant for reckless driving, after he had observed appellant's automobile approaching the trooper's car in a reckless manner. Appellant presented a valid operator's license to the trooper at the latter's request. Then, in the trooper's words, the following events occurred:

"I then placed him under arrest, and then started to conduct a search of the vehicle. Upon going to the rear, I observed that the trunk lock was not intact. I asked Mr. Johns if he would open the trunk. He said he could not as the vehicle had backed into another vehicle some time ago and had damaged the deck lid and he couldn't open it up. Upon looking closer at the deck lid I observed that it had been sprung. And there was an opening between the fender—the right fender and the deck lid. And I bent over and looked through this opening, inside I could see cartons of Falstaff beer. I then asked Mr. Johns again if he would open the trunk and he still said he could not. I asked him if he had a spare tire, he said he did. I said, well, if you had a spare tire, I assume you could get it out if you needed it. And I said, I believe you could open it up. He said, Okay, said, I will open it up. So I believe he took a small screw driver or a similar instrument and put it in the hole and flipped a switch inside, and the deck lid opened. At this time I observed a large quantity of beer."

It was stipulated that this happened in "dry" territory and that appellant had been fined $10 upon his guilty plea to the reckless driving charge. The trooper testified that he knew appellant, and knew he had a bad reputation as a violater of the liquor laws. Similar "bad reputation" evidence was presented by a deputy sheriff.

Appellant's pre-trial motion to suppress the evidence as to finding the beer in the car was overruled; the same motion was renewed at the conclusion of the prosecution's evidence, but was again overruled. Appellant offered no proof.

■ In Lane v. Commonwealth, Ky., 386 S.W.2d 743, we held that the mere fact of an arrest for a traffic or other minor violation does not give the arresting officer an absolute right to search the vehicle or premises indiscriminately. The rationale of Lane governs this appeal unless it may be said that the beer was in plain view—or unless the search was made pursuant to voluntary consent of appellant. It is our view that neither of these distinguishing factors is present.

Appellee relies on the premise that the trooper committed no trespass when he observed the beer through the crack in the rear of the car. To bolster this argument appellee directs attention to Lee v. United States, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202, and On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270. In the Lee case the Supreme Court approved the use of a powerful searchlight which had disclosed contraband liquor on the deck of a vessel at sea. In On Lee an undercover government agent had engaged the defendant in conversations which were "broadcast" via a concealed radio transmitter to another government agent "tuned in" on the conversations. The incriminating statements of On Lee as heard "on the air" were admitted in evidence. We do not regard either of those decisions as controlling here. As to the Lee decision, contraband liquor on deck is plainly visible, even though a powerful searchlight is used at night to reveal it. With respect to On Lee, the decision relates to an "eavesdropping" situation rather than a true search. It seems plain that On Lee's statements to the undercover agent would have been admissible if introduced through the undercover agent; no reason appears for exclusion of the statements when presented by the agent who heard them on the radio.

Appellee urges our decisions in Clark v. Commonwealth, Ky., 388 S.W.2d 622; Childers v. Commonwealth, Ky., 286 S.W. 2d 369; and Johnson v. Commonwealth, Ky., 291 S.W.2d 550, as supporting the ruling of the trial court. We do not agree. In Clark the contraband beer was in "plain view" in the rear of the car; it required no "search" for the officers to observe it. So, in Childers the copper wire was in plain view in the back seat of the automobile. In the Johnson case the defendant voluntarily submitted to a search of the trunk of his car *before* any arrest.

■ Here the officer characterized his activities as a "search" of the car—after he had placed appellant under "physical arrest" for reckless driving. Clearly there was no reasonable basis for the officer's searching the trunk of the car in connection with the charge of reckless driving. We cannot regard the beer in the car's trunk as being "clearly" or "plainly" visible. The trooper would not have observed the beer but for his painstaking inspection of the car. Even a full-blown viewing of the car—from an upright position—would not have disclosed the beer. It was only when the trooper bent half over that he was able to see it through the small opening.

■ Neither do we regard the instant search as having been accomplished with the voluntary consent of the appellant. It will be recalled that the trooper had placed appellant under "physical arrest" prior to requesting permission to search. In our view, the appellant had no recourse except to submit to the authority of the officer in this situation, so that his reluctant-

ly given "consent" was nothing more than yielding to the inevitable. Cf. Smith v. Commonwealth, 283 Ky. 492, 141 S.W.2d 881; Thomas v. Commonwealth, 226 Ky. 101, 10 S.W.2d 606; 47 Am.Jur., Searches and Seizures, § 71.

The motion for appeal is sustained, and the judgment is reversed.

HILL, J., dissenting.