David Scott GALLMAN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Feb. 27, 1979.

Jack Emory Farley, Public Advocate, Timothy T. Riddell, Mark A. Posnansky, Asst. Public Advocates, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

David Scott Gallman, the appellant, was convicted on ten counts of trafficking in controlled substances and sentenced to twenty years in prison. The critical issue is whether evidence secured by the prosecution as the result of a warrantless search of a motor vehicle was admissible.

Although in the trial court the warrantless search was held to be permissible on the basis of a claimed consent by appellant, the Commonwealth at the oral argument and in its brief appears to concede that this justification is not sustainable. *Johns v. Commonwealth*, Ky., 394 S.W.2d 890 (1965). It is the contention of the Commonwealth that the search was valid because the officers had probable cause to believe that the vehicle contained contraband. No attempt is made by the Commonwealth to demonstrate the existence of exigent circumstances. In our view, the record neither establishes probable cause nor exigent circumstances and we must conclude that the search was unreasonable in violation of the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution.

A suppression hearing was held and the following facts were established: Detective Gist received information on July 19, 1977 that the proprietors of a local pharmacy were suspicious of two young men they observed in their store. The pharmacists

had "checked around" ascertaining that the pair had been seen in other pharmacies as well. The pharmacists followed the pair when they left their drug store and determined that they were staying in a motel a block from the store. Detective Gist found in checking with other motels in the area that the pair had stayed in two other motels during that week. Detective Hall and Detective Thorpe joined in the investigation. Detective Gist learned appellant's name from motel personnel about 11:00 o'clock or mid-morning. About 1:00 or 1:30 in the afternoon, Gist received a reply from an inquiry made to the Evansville Police Department concerning the appellant and his car. The Evansville police advised that a place where appellant was staying in Evansville had been searched in the preceding two-week period and narcotics had been found.

When asked whether an effort was made to obtain a search warrant, Detective Gist stated that the officers were expecting a break-in or a robbery: "That's the reason we were watching them. We had no idea that there were any drugs in the car at this time." The officers staked out the motel. They had been informed that appellant had left a wake-up call for 4:00 o'clock that afternoon. At roughly 3:00 o'clock in the afternoon the stakeout was in place. Officer Thorpe testified that the officers had no reason to feel the need for getting a search warrant at 3:00 o'clock in the afternoon: "No, sir, because I didn't know the gentleman and still don't."

Detective Hall testified in part as follows:

"X Q Based on the information you had prior you saw no need to get a search warrant to obtain a search—to conduct a search?

A I was prepared to get a search warrant if he did not consent to the search."

The officers testified that the appellant and another man left the motel in appellant's car between 4:30 and 5:00 p. m. and drove down West Second Street. Appellant was driving. Detective Gist stated that "their driving was questionable." The police caused appellant to curb his automobile and the two men were detained. Appellant was arrested for driving under the influence of intoxicants or narcotics, and his companion, David Olds, was arrested for public intoxication. One of the officers unlocked the glove compartment of the car and found a quantity of marijuana. Another officer secured appellant's keys and opened the trunk of the automobile and seized a sizeable quantity of various narcotics.[1]

All searches without a valid search warrant are unreasonable unless shown to be within one of the exceptions to the rule that a search must rest upon a valid warrant. The burden is on the prosecution to show the search comes within an exception. The only remotely possible exception presented in this case is whether the warrantless search was made with probable cause to search but with exigent circumstances. Cf. City of Danville v. Dawson, Ky., 528 S.W.2d 687 (1975).

The cases considered by the United States Supreme Court concerning automobile searches in recent years have been far from definitive. In several instances only plurality opinions have been issued. See for example Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). In the case of South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the concurring opinion of Mr. Justice Powell indicates that a majority of the Court is not yet ready to remove automobiles from protection of the Fourth Amendment. Of course, a search cannot be justified by what it produces. See Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).[2]

1. We have omitted the testimony of the officers concerning the claimed consent because the Attorney General concedes that this evidence is insufficient to validate the search.

2. In Sibron heroin was found as a result of the search.

Although the burden was on the prosecution to justify the warrantless search, the thrust of the testimony of the officers is that they had no probable cause to procure a search warrant during the rather extensive time they had the appellant and his companion under surveillance. No facts or circumstances are presented which would change that situation from the time appellant's car left the motel until it was stopped by the officers. Neither did they recount any exigent circumstances. They sought to justify the search only because of the claimed consent. The absence of exigent circumstances is confirmed by the officer's testimony that if the claimed consent had not been given he would have procured a search warrant. The prosecution did not meet its burden to establish that the warrantless search was permissible because of the presence of a recognized exception to the requirement of a warrant. The evidence secured by the warrantless search was inadmissible.

Appellant's other claim of error respecting the pyramiding of charges in the instructions appears to us to become academic by reason of our exclusion of the fruits of the search.

The judgment is reversed with directions for further proceedings consistent with this opinion.

All concur.