**Alvin COOPER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–787–MR.**

Supreme Court of Kentucky.

March 15, 1990.

As Corrected May 3, 1990.

Elizabeth A. Hill, Fayette County Legal Aid, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Alvin Cooper was convicted in Fayette Circuit Court of three (3) counts of traffick-ing in LSD, three (3) counts of trafficking in marijuana, and one (1) count of establishing or maintaining a criminal syndicate. He appeals as a matter of right from a sixty-eight (68) year sentence.

Appellant was prosecuted pursuant to KRS 218A.990(16), which provides for enhanced sentences for those individuals convicted of trafficking in controlled substances within one thousand yards of any school. Appellant gave proper notice in the trial court that he was going to challenge the constitutionality of KRS 218A.990(16). Appellant claims this statute is arbitrary and capricious because it fails to give fair warning of conduct prohibited and is subject to arbitrary and discriminatory enforcement. Appellant claims that a person would not be "aware of whether they were within 1,000 yards of a school building" and "any school building used primarily for classroom instruction" is a vague term and invites arbitrary enforcement. Furthermore, he claims the statute requires the one thousand yard measurement to be taken in a straight line from the outside wall of the classroom building, when such measurement is impossible in an urban area such as Lexington, Ky.

■ Appellant's claims are lacking in merit. The statute is not vague. It warns those trafficking in narcotics that they will be subject to a stiffer fine and/or imprisonment for trafficking within one thousand yards of a school. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). The statute is not overbroad simply because the appellant may be unaware of the proximity to a school. This does not mean it curtails constitutionally protected conduct. *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 *reh. den.* 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982). Both the Second and Eighth Circuits of the United States Federal Courts have upheld the constitutionality of 21 U.S.C. Sec. 845a, which prohibits trafficking in narcotics within one thousand feet of a schoolyard.

*United States v. Agilar*, 779 F.2d 123, 126 (2nd Cir.1975) *cert. den.* 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986); *United States v. Haynes*, 881 F.2d 586 (8th Cir. 1989). The statute has a rational purpose and serves to promote a legitimate governmental interest. Therefore, we find KRS 218A.990(16) to be constitutional.

There is no merit to appellant's claim that he should have received a directed verdict because no one testified to measuring one thousand yards in a straight line from a school wall. A police officer testified the location was within a thousand yards of a school, and this was not challenged. The only purpose of the "straight line" language is to define clearly the outer perimeter of the zone in which, if drugs are sold, enhanced penalties will result. No failure of proof resulted from not making a measurement in a straight line from the classroom building.

Appellant was convicted of engaging in a criminal syndicate as defined in KRS 506.120. "Criminal syndicate" includes five or more persons collaborating to promote or engage in ... illegal trafficking in controlled substances as prohibited by KRS Chapter 218A. KRS 506.120(3)(e).

Appellant claims that the Commonwealth failed to prove every element of the offense charged; specifically, that the Commonwealth failed to prove beyond a reasonable doubt that a minimum of five persons collaborated in the alleged drug syndicate. Appellant claims that the court should have directed a verdict of acquittal because the Commonwealth failed in its burden. *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3, 4 (1983).

Sufficient evidence was produced at trial that as many as six other named individuals collaborated with appellant to distribute narcotics. The fact that two others were acquitted of the criminal syndicate charge does not render the proof against appellant insufficient. There were still at least four whom the jury believed collaborated with appellant in the activities of the criminal syndicate. The court properly submitted the issue to the jury for their determination based on the facts and evidence produced at trial. The jury properly determined that five or more people collaborated in the criminal syndicate.

"All the jury is required to believe for conviction is that 'five or more collaborated' ... it is not necessary for the Commonwealth to show that each participant collaborating in the scheme collaborated with or was even aware of the collaboration of the other participants." *Commonwealth v. Phillips*, Ky., 655 S.W.2d 6 (1983).

For the above stated reasons, the judgment of the Fayette Circuit Court is affirmed.

STEPHENS, C.J., and GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents.