**Donald R. GILLUM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 94–CA–1170–MR.

Court of Appeals of Kentucky.

Sept. 15, 1995.

Rehearing Denied Nov. 17, 1995.

Discretionary Review Denied and Case Ordered Published by Supreme Court June 12, 1996.

Michael J. Curtis, Ashland, for Appellant.

Chris Gorman, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, for Appellee.

Before: LESTER, C.J., and COMBS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the trial order and verdict entered by the Boyd Circuit Court on April 27, 1994, finding the appellant guilty of possession of marijuana, sentencing him to one year in the county jail, and fining him $500.

On September 12, 1993, the Kentucky State Police received a call from Daniel Collier, the appellant's neighbor. He reported that the appellant might need assistance and

requested that an officer be sent to the scene. Mr. Collier expressed concern for the appellant in that he had a history of heart problems and lived alone. He had not seen the appellant since 4:30 in the afternoon on September 11th. Furthermore, Mr. Collier reported that the door to the appellant's truck had stood open from 8:00 in the evening until 2:00 in the morning of September 12th. According to Mr. Collier, this was very unusual. Lights had also been left on in the appellant's residence which was unusual. Mr. Collier and his brother had made repeated efforts to contact the appellant. They had knocked at windows and doors and had called several times connecting with the appellant's answering machine.

When the Kentucky State Police arrived at the scene, Mr. Collier explained the circumstances of the call and expressed his concern that the appellant might be in need of help. The officers circled the house searching for the appellant through the windows. Mr. Collier suggested that the appellant might have fallen and could not be seen. The troopers made several unsuccessful attempts to contact the appellant by knocking on doors and windows and by telephoning. After obtaining permission from a supervisor, the officers forcibly entered the appellant's home. They searched the residence for the appellant, but failed to find any sign of him. Instead, the police discovered, in plain view, a large number of marijuana plants being cultivated on the premises. They seized the marijuana and left the scene. A search warrant was procured which authorized the officers to make a more in depth search of the area.

On October 26, 1993, the Boyd County Grand Jury indicted the appellant for possession of marijuana. Thereafter, the appellant moved the trial court to suppress all evidence seized during the initial warrantless search of his premises and all evidence seized pursuant to the subsequent search warrant. He contended that the warrantless entry into his house was illegal, and, therefore, all fruits of the searches that ensued should be suppressed. That motion was denied. Following his conviction, the appellant took this appeal.

The appellant first maintains that, in obtaining the search warrant, the police had misrepresented facts to the magistrate who issued the warrant. He contends that because of the misrepresentation in the officer's affidavit, the evidence seized pursuant to the warrant should be suppressed. Review of the record fails to provide a basis for this claim. The warrant and affidavit are not part of the record on appeal. Without that evidence this court cannot make a determination of the truth or falsity of the appellant's claims. Consequently, we must assume that the warrant was based upon the facts as they appear in the record. See Commonwealth v. Thompson, Ky., 697 S.W.2d 143 (1985). The appellant's unsubstantiated allegations will not support a reversal by this court.

The appellant also argues that the police initially made a warrantless search without probable cause and without coming under any exception to the general warrant requirement. He asserts that all evidence seized by the officers, with or without a warrant, should be suppressed as a result of their illegal conduct. Undoubtedly, all warrantless searches are deemed unreasonable unless they fall under one of the exceptions to the warrant requirement. See Cook v. Commonwealth, Ky., 826 S.W.2d 329 (1992). The burden is on the prosecution to prove that the particular warrantless search comes under one of the recognized exceptions. See Gallman v. Commonwealth, Ky., 578 S.W.2d 47 (1979). In the case at hand, the Commonwealth concedes that no probable cause ever existed which would have allowed them to enter the appellant's home. The Commonwealth advocates that this particular search falls under the exigency or emergency exception to the warrant requirement. The Kentucky Supreme Court, in Todd v. Commonwealth, Ky., 716 S.W.2d 242 (1986), stated the rule as follows:

We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid.

*Id.* at 248, *citing Mincey v. Arizona,* 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978). When an officer is where he has a right to be, he may seize contraband which comes into "plain view." *See Mincey v. Arizona, supra; Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

The parties to this action simply disagree as to whether the circumstances presented in this case were sufficient to provide the officers with a reasonable belief that the appellant was in need of immediate aid. The trial court concluded that the police, in fact, did have that reasonable belief finding that

> [t]rooper Fannin was advised that the Defendant had not been seen in quite some time and his truck had been located in front of the residence with the door standing open and the interior light on all night and into the early morning hours. The officer was advised that this was a very unusual circumstance and that the Defendant had recently had some type of serious heart illness. When the officer observed the interior of the residence through the window and it appeared as though someone were home but no one would answer the door or answer the phone, it was not unreasonable for him to believe that the Defendant was seriously ill inside. This is particularly true in light of the fact that the Defendant lived alone.

This court agrees.

The judgment and sentence of the Boyd Circuit Court is affirmed.

All concur.