**Donald Alan DEEMER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky,
Appellee.**

No. 95–SC–617–MR.

Supreme Court of Kentucky.

April 25, 1996.

Thomas G. Alig, Jr., Vincent and Alig, Covington, for Appellant.

A.B. Chandler, III, Attorney General, Elizabeth A. Myerscough, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

LAMBERT, Justice.

Appellant, Donald Alan Deemer, was convicted of thirty three counts of Use of a Minor in a Sexual Performance. He was sentenced to a total of thirty years, and appeals as a matter of right.

In July of 1994, appellant delivered six rolls of film to Walgreens for processing. Walgreens' employees, following standard procedure, placed the film in an envelope, and typed appellant's name and address onto the label. This information was cross-checked in the store's computer, and the envelope was sealed and delivered to Qualex for developing. The contract between Walgreens and Qualex required inspection of the prints by Qualex to insure against defects in the developing process.

While developing appellant's prints, a Qualex employee discovered the depiction of children in sexually explicit poses. The employee notified her supervisor, Will Conner, who, in accord with Qualex policy, notified the police of the obscene prints. The following day, the police viewed the prints in Qualex's possession and determined that the pictures depicted a minor in a sexual exhibition. The police instructed Conner to make available a delivery man to return the pictures to Walgreens, where they anticipated appellant would return to pick up his prints. The police maintained contact with the delivery vehicle from the processing plant to the Walgreens store, where they again examined the prints to insure that they were the same prints seen at the processing facility. The prints were then delivered to a Walgreens' employee, who was instructed to telephone appellant and request that he retrieve his photographs. On the second attempt, appellant was notified that his photographs were ready and he indicated that he would soon pick up the prints.

While waiting for appellant, the police verified appellant's address from the phone number he provided, and learned that he drove a red Isuzu truck. Members of the Covington Police Department drove by appellant's home and identified the red truck as appellant's by means of a license plate check. Later, as closing time for the Walgreens store approached, it became apparent that appellant would not pick up his photographs that evening. The police, using the information gathered in their investigation, obtained a search warrant for appellant's home and discovered numerous sexually explicit photographs and items depicted in the photographs examined earlier at Qualex. Appellant entered a conditional guilty plea to twenty-three counts of Use of a Minor in a Sexual Performance, a class B felony, for which he was sentenced to twenty years imprisonment on each count, with the sentences to run concurrently. He also conditionally pled guilty to ten counts of Use of a Minor in a Sexual Performance, a class C felony, for which he was sentenced to ten years on each count, to run concurrently with each other, but consecutively to the twenty year sentence, for a total of thirty years. Appellant's plea was conditioned on the right to appeal the trial court ruling denying his motion to suppress certain evidence seized at the Walgreens store, and at his home pursuant to a search warrant.

Appellant contends that his right to be free from unreasonable searches and seizures was violated by the seizure of the prints at the Qualex film processing plant. He asserts that the police seized the photographs at Qualex because they asserted dominion and control over the package. In support, appellant cites numerous cases dealing with various exceptions to the warrant requirement. Such are inapplicable, however, if appellant had no reasonable expectation of privacy as to the photographs.

At the suppression hearing, appellant testified that he felt that his film and photographs would be free from governmental intrusion and that he had used Walgreens for

five years and had never experienced interference before. He asserted that since the envelope containing his film was sealed at Walgreens, and since Qualex does not disseminate the photographs to the public, he had a subjective expectation of privacy. As to whether this was a reasonable expectation, appellant asserts that his sexually explicit photographs of minor children should be granted a greater degree of protection because of "First Amendment implications."

When the police traveled to Qualex to examine the photographs, and exercised control over them, the photographs were "seized" within the meaning of the Fourth Amendment. Such a seizure, however, did not violate appellant's constitutional rights because he had no reasonable expectation of privacy as to the photographs. Appellant lost any such expectation when he delivered the film for processing to Walgreens, and in turn, to Qualex. The rolls of film here were delivered to commercial entities whose responsibility was to visually examine the prints in the development process. Appellant knew or should have known this. In disseminating the photographs to commercial entities appellant had no reasonable expectation of privacy. *See California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988); *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Commonwealth v. Johnson,* Ky., 777 S.W.2d 876 (1989); *James v. Commonwealth,* Ky., 647 S.W.2d 794 (1983).

■ When an illegal item is revealed to third parties, an examination at their instance by the government does not violate the Fourth Amendment. In *United States v. Miller,* 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976), the Supreme Court found no objective reasonable expectation of privacy in the financial documents provided to a Bank. It held that:

> The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by

him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.

*Id.* (citation omitted).

■ In the present case, the explicit photographs were viewed by those hired to develop the negatives. The police, called by the processor to view the photographs, lawfully did so as there was no expectation of privacy in the photographs. Their actions in arranging for the delivery of the photographs did not require a search warrant to later view the photographs after delivery to Walgreens. The action of reopening the closed envelope was not a search that required a warrant, as the initial search was entirely legal. As the United States Supreme Court has held:

> No protected privacy interest remains in contraband in a container once government officers lawfully have opened that container and identified its contents as illegal. The simple act of resealing the container to enable the police to make a controlled delivery does not operate to revive or restore the lawfully invaded privacy rights.

*Illinois v. Andreas,* 463 U.S. 765, 771, 103 S.Ct. 3319, 3324, 77 L.Ed.2d 1003 (1983). The subsequent examination and seizure of the photographs was lawful in all respects.

■ Appellant's last spin on the suppression argument is that the First Amendment provides greater search and seizure protections for "artistic" photographs. We will not dignify this absurd argument with discussion other than to say that appellant's allegedly artistic actions in creating child pornography are not thereby protected from lawful search and seizure. *See generally New York v. Ferber,* 458 U.S. 747, 761–64, 102 S.Ct. 3348, 3356–58, 73 L.Ed.2d 1113 (1982).

■ As his other argument, appellant asserts that the warrant issued for a search of his home was not adequately based on a showing of probable cause. He asserts that there was only a tangential connection between himself and the sexually explicit photographs viewed by the police. This argument is without merit. The affidavit filed by De-

tective Vallandingham recited sufficient facts which supported the magistrate's finding of probable cause, and issuance of the warrant. Those facts supported a probable cause determination that appellant was in fact the person who brought in the film for developing, and that he lived where the affidavit said that he lived. There was no error.

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

STEPHENS, C.J., and BAKER, GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.