Gary Franklin ADAMS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 95–CA–1146–MR.

Court of Appeals of Kentucky.

Oct. 4, 1996.

David Mussetter, Ashland, for Appellant.

Chris Gorman, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Frankfort, for Appellee.

Before WILHOIT, C.J., and EMBERTON and GUDGEL, JJ.

## OPINION

WILHOIT, Chief Judge.

Gary Franklin Adams appeals from a final judgment and sentence entered by the Boyd Circuit Court, finding him guilty of third-degree trafficking in a controlled substance, second-degree possession of a controlled substance, and possession of marijuana. The appellant was sentenced to four years' imprisonment for the first offense and one year's imprisonment for each of the others. The sentences were set to run concurrently. The penalty for each substantive offense had been enhanced pursuant to KRS 218A.992 because the appellant was found to have been in possession of a firearm at the time the offenses were committed.

On October 22, 1994, a Boyd County police officer observed the vehicle driven by the appellant speeding on Main Street in Westwood, Kentucky. The officer pursued the vehicle for several blocks before the appellant pulled over on a dead-end street. Just prior to stopping, the officer saw the appellant throw an object out of the car window. The object landed in the bed of pickup truck parked on the street and was later determined to be a blue bank bag. The officer placed the appellant under arrest for attempting to elude police. A search of the appellant's person produced $1,044.00 in cash and three bottles of prescription medication, one of which was unmarked. Two deputies from the Boyd County Sheriff's Department arrived at the scene, and one of them retrieved the blue bank bag from the truck bed. Inside, the officers found a number of small plastic bags containing various amounts of pills. The ensuing search of the car revealed a loaded .32 caliber handgun on the front seat and under the seat a brown bag containing a small box in which there was approximately three grams of marijuana.

Prior to trial, the appellant moved the court to dismiss the charges, arguing that the police officer who initially pursued him lacked the statutory authority to arrest him. He also moved the court to suppress the incriminating evidence found in the blue bank bag and in the appellant's car as the products of an illegal search and seizure. The trial court denied both motions.

At the trial, the jury found the appellant guilty of third-degree trafficking in a controlled substance, second-degree possession of a controlled substance, and possession of marijuana. The jury also determined that all three crimes were committed while the appellant was in possession of a firearm. This appeal followed.

The appellant maintains that the trial court erred in denying his pre-trial motion to dismiss based upon the arresting officer's lack of authority to make the arrest. Citing KRS 431.005, the appellant argues that Kentucky law provides a limited group of individuals with the authority to make arrests. He submits that the county police officer does not belong to that limited group because he

does not work for the police force "full time" within the common meaning of the term.

■ KRS 431.005(1) provides that "[a] peace officer may make an arrest" under various circumstances. The appellant asserts that the officer is not a "peace officer," citing KRS 431.005(3), which states as follows:

[f]or purposes of subsection (2) of this section, a "peace officer" is a full-time sworn officer of the Kentucky State Police, a full-time city policeman, a full-time county policeman, a full-time university safety and security officer appointed pursuant to KRS 164.950 to 164.970, a full-time city-county policeman, a duly elected sheriff, or a full-time paid deputy sheriff.

Clearly, however, the definition of "peace officer" enumerated in KRS 431.005(3) has no application to the situation presented to this court. The Kentucky General Assembly specifically limited that definition to application in arrests made in the context of KRS 431.005(2), i.e., "domestic violence" situations.

■ It is uncontroverted that the arresting officer was a duly appointed member of the Boyd County Police Department in conformity with KRS 70.540, and, as such, he was a peace officer empowered to make arrests under KRS 431.005(1). KRS 446.010(24) specifically includes "policemen" within the definition of "peace officer."

The appellant next argues that KRS 218A.992 is unconstitutionally vague, over broad, and arbitrary. Furthermore, he submits that application of the statute to enhance all three of the charges against him violated the double jeopardy prohibition in section 13 of the Kentucky Constitution and KRS 505.020, inasmuch as all three sentences were enhanced by virtue of the single act of possession of a firearm.

KRS 218A.992 provides as follows:

(1) Other provisions of law notwithstanding, any person who is convicted of any violation of this chapter who was at the time of the commission of the offense in possession of a firearm, shall:

(a) Be penalized one (1) class more severely than provided in the penalty provision pertaining to that offense if it is a felony; or

(b) Be penalized as a Class D felon if the offense would otherwise be a misdemeanor.

(2) The provisions of this section shall not apply to a violation of KRS 218A.210.

■ A statute is not unconstitutionally vague unless "a person disposed to obey the law could [not] determine with reasonable certainty from the language used whether contemplated conduct would amount to a violation." *Commonwealth v. Foley*, Ky., 798 S.W.2d 947, 951 (1990). KRS 218A.992 definitely warns those violating the provisions of Chapter 218A that they will be subject to an enhanced penalty if the violation occurs while they are in possession of a firearm. The appellant's claim in this regard lacks merit. *See Cooper v. Commonwealth*, Ky., 786 S.W.2d 875 (1990).

■ A statute may be unconstitutionally over broad if "in an effort to control impermissible conduct, the statute also prohibits conduct which is constitutionally permissible." *Commonwealth v. Ashcraft*, Ky.App., 691 S.W.2d 229, 232 (1985). It is somewhat unclear what constitutionally protected conduct the appellant believes is curtailed by the statute. Since there is no constitutionally protected right to violate Kentucky's controlled substances laws, we fail to see how the statute prohibits a constitutionally permitted conduct. The statute does not disallow the possession of a firearm but enhances the penalty for committing a crime while in the possession of a firearm. *Cf. Cornette v. Commonwealth*, Ky.App., 899 S.W.2d 502 (1995). KRS 218A.992 is not unconstitutionally over broad.

■ This court also concludes that application of KRS 218A.992 to multiple charges does not violate Kentucky's double jeopardy prohibition. The appellant does not contend that his convictions for the three underlying offenses subject him to double jeopardy. He contends that the use of a single act, possessing a handgun, to enhance the penalty on all three charges constitutes multiple punishment for a single course of conduct.

KRS 218A.992 provides an enhanced penalty for those violating Chapter 218A while in possession of a firearm. The severity of the penalty increases due to the dangerous status of the violator as an armed perpetrator. The possession of a firearm, however, is not an element necessary to determine guilt of the substantive offense. Consequently, KRS 218A.992 is nothing more than a sentencing statute reflecting the dangerous nature of a crime perpetrated by an armed criminal. In this respect, the statute is somewhat analogous to both KRS 189A.010 and KRS 532.080, the DUI and PFO statutes.

It has been repeatedly held that double jeopardy did not result when a court allows the same prior convictions to be used to enhance the penalty for multiple subsequent convictions. *See Malicoat v. Commonwealth,* Ky., 637 S.W.2d 640 (1982); *Dale v. Commonwealth,* Ky., 715 S.W.2d 227 (1986); *White v. Commonwealth,* Ky., 770 S.W.2d 222 (1989). The rationale is that being a felon, of itself, does not constitute an independent criminal offense but describes a criminal status affecting punishment only. *Id.* Similarly, the appellant's possession of a firearm did not constitute an independent criminal offense but simply defined a particular status for purposes of punishment. *Cf. id.* We do not believe that the repeated use of the same fact, possession of a single handgun, to enhance punishment of these separate offenses occurring during a single course of conduct constitutes double jeopardy.

Finally, the appellant argues that the trial court erred in failing to suppress evidence found in the blue bank bag and in his automobile. He submits that the police illegally conducted a warrantless search of both. Though the appellant concedes that probable cause existed to conduct a search, he argues that the "exigent circumstances" which would permit such a search did not exist. In support, he cites *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); and *Middleton v. Commonwealth,* Ky., 502 S.W.2d 517 (1973).

■ Undoubtedly, "[a]ll searches without a valid search warrant are unreasonable unless shown to be within one of the exceptions to the rule that a search must rest upon a valid warrant." *Gallman v. Commonwealth,* Ky., 578 S.W.2d 47, 48 (1979). This rule, however, does not apply if the appellant had no reasonable expectation of privacy in the thing searched. *See California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988); *Deemer v. Commonwealth,* Ky., 920 S.W.2d 48 (1996). With regard to the blue bank bag, the appellant had no reasonable expectation of privacy. He had discarded the bank bag while eluding police, in effect, leaving the bag to examination by any member of the public who might come upon it. The police, by examining the contents of the bag, did not violate the appellant's right to be free from unreasonable searches and seizures. *Id.*

■ With regard to the officer's search of the appellant's car, this court cannot distinguish this case from that presented in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The appellant admits that probable cause existed under the circumstances. He submits that, because he was in police custody, the exigent circumstances necessary to conduct the search were lacking. The same was true in *Ross* where an automobile search was held to be constitutionally valid. The general rule set out in *United States v. Ross* has been expressly adopted by Kentucky's highest court in *Estep v. Commonwealth,* Ky., 663 S.W.2d 213 (1983). The search of the appellant's auto fell within the constitutional bounds as defined in *Ross. See also Cooper v. Commonwealth,* Ky.App., 577 S.W.2d 34 (1979), *overruled on other grounds* by *Mash v. Commonwealth,* Ky., 769 S.W.2d 42 (1989).

The final judgment and sentence of the Boyd Circuit Court is affirmed.

All concur.