OPINION OF THE COURT BY JUSTICE VENTERS
The Commonwealth appeals from the Court of Appeals' decision which reversed the convictions of Appellee, Damion Montrece Lane, for possession of a controlled substance, first degree, first offense, and for tampering with physical evidence. The convictions were based on evidence discovered after a canine sniff search of Appellee's vehicle conducted during an otherwise routine traffic stop. We granted discretionary review to consider whether the dog sniff search prolonged the stop beyond its original purpose, requiring suppression of the discovered evidence under Rodriguez v. United States, --- U.S. ----, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015). For the reasons stated below, we affirm the Court of Appeals' decision.
I. FACTUAL AND PROCEDURAL BACKGROUND
Following a suppression hearing, the trial court made specific findings of fact which were cryptically noted on the docket sheet. Neither party challenges the trial court's findings of fact which are fairly summarized as follows.
Hopkinsville Police Officer and canine handler, Timothy Merrick, initiated a traffic stop after he saw Appellee run a stop sign in a high crime area. Officer Strauch promptly arrived on the scene to assist Merrick. As the officers approached the vehicle, Appellee moved around, fumbling, looking backward toward Merrick. That behavior caused the officers concern for their safety so they had Appellee exit his vehicle. A patdown search of Appellee's person revealed no weapons or contraband. The officers described Appellee as very nervous. Officer Merrick then retrieved his canine partner, Bowie, and deployed the dog to perform a sniff search of Appellee's vehicle. Bowie alerted to indicate the presence of drugs on the driver's side of the vehicle, however, no drugs were found in the vehicle.
While Bowie sniffed around the vehicle, Strauch observed Appellee reaching down by his right side and looking back towards the officers. When Bowie alerted on the vehicle, Strauch conducted a second search of Appellee's person. This search revealed a packet of cocaine in the right watch pocket of Appellee's pants.
Appellee was indicted for possession of a controlled substance, first degree, first offense, cocaine; tampering with physical evidence; and disregarding a stop sign. After denial of his motion to suppress, Appellee entered a conditional guilty plea, preserving the right to appeal the trial court's *205 refusal to suppress the evidence. He was sentenced to serve three years in prison for the possession charge and to serve five years in prison for the tampering charge, with the sentences running concurrently. The sentences were probated. He was also assessed a twenty dollar fine for the traffic violation.
The Court of Appeals concluded that the sniff search prolonged the traffic stop, and so, it held that the incriminating evidence should have been suppressed.[1] Accordingly, the Court of Appeals reversed Appellee's convictions. Upon discretionary review, we affirm the opinion of the Court of Appeals.
II. ANALYSIS
A trial court's ruling on a motion to suppress evidence is reviewed through a two-step process. First, the trial court's findings of fact are examined to determine whether they are supported by substantial evidence. If the findings of fact are not clearly erroneous, the suppression decision is reviewed de novo. Davis v. Commonwealth, 484 S.W.3d 288, 290 (Ky. 2016) (citations omitted).
Since the trial court's factual findings are not disputed, we turn our attention to the application of the law. Based upon the foregoing facts, the trial court concluded the traffic stop was justified for the purpose of enforcing the traffic violation. The trial court noted that Appellee's movements in the car raised valid concerns for the officers' safety and justified his removal from the car. The sniff search was initiated immediately after the stop, and the canine's alert to indicate the presence drugs near the driver's door justified a second search of Appellee's person. The trial court concluded that the evidence found in Appellee's pocket was admissible.
We agree with the trial court's initial determination that the traffic stop was proper. The officer saw Appellee run a stop sign and was authorized to stop his vehicle to investigate that violation and issue a citation, if warranted. A police officer is authorized to conduct a traffic stop when he or she reasonably believes that a traffic violation has occurred. Commonwealth v. Bucalo, 422 S.W.3d 253, 258 (Ky. 2013).
Appellee claims that the incriminating evidence found in his pocket should have been suppressed as the fruit of an illegal search conducted after the otherwise lawful traffic stop was unlawfully extended. "A seizure that is justified solely by the interest in issuing a [traffic] ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." Illinois v. Caballes, 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005).
We recognize that a properly-conducted routine traffic stop encompasses several tasks reasonably incident to the stop, such as checking the validity of the driver's license, determining the vehicle's registration and proof of insurance, and ascertaining if the driver is wanted on outstanding warrants. Rodriguez v. United States, --- U.S. ----, 135 S.Ct. 1609, 1615, 191 L.Ed.2d 492 (2015) (citing Caballes, 543 U.S. at 408, 125 S.Ct. 834 ; Delaware v. Prouse, 440 U.S. 648, 658-660, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) ). However, police officers are required to pursue these tasks incidental to the traffic stop with reasonablediligence. "[I]n determining the reasonable duration of a stop, 'it [is] appropriate *206 to examine whether the police diligently pursued [the] investigation.' " Rodriguez, at 1614 (quoting United States v. Sharpe, 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) ). Recently we concluded: "If the traffic citation was deferred to complete the sniff search, then the officer did not act with reasonable diligence to pursue the legitimate object of the traffic stop." Commonwealth v. Smith, 542 S.W.3d 276, 282 (Ky. 2018).
A police officer's "[a]uthority for the seizure thus ends when tasks tied to the traffic infraction are-or reasonably should have been-completed." Rodriguez, 135 S.Ct. at 1614. The reasonableness of the duration of a traffic stop is determined by examining "whether the police diligently pursued [the traffic] investigation." United States v. Sharpe, 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).
Obviously, a drug dog sniff search for illegal drugs falls outside the scope of routine traffic law enforcement. It is, in contrast with the purpose of a routine traffic stop, "a measure aimed at 'detect[ing] evidence of ordinary criminal wrongdoing.' " Rodriguez, 135 S.Ct. at 1615 (quoting Indianapolis v. Edmond, 531 U.S. 32, 40-41, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) ); see Davis, 484 S.W.3d 288.
The Commonwealth insists that the sniff search of Appellee's vehicle did not prolong Appellee's detention beyond what was required for a typical traffic stop. The Commonwealth directs our attention to an Illinois appellate court decision, People v. Reedy, 395 Ill.Dec. 851, 39 N.E.3d 318 (Ill. App. 3d 2015), in which two officers executed a traffic stop. The court determined that while one officer undertook the tasks incident to the issuance of the traffic citation, the other officer deployed the drug search dog to sniff for drugs. The court concluded that "[g]iven the extremely short duration of the stop and the diligence of the officers executing that stop, including [the canine-handling officer's] prompt arrival on the scene, ... the traffic stop in question was not unreasonably prolonged." Id. , 395 Ill.Dec. 851, 39 N.E.3d at 326.
Like the officers in Reedy, the Commonwealth argues that Merrick and Strauch worked in tandem to simultaneously complete the traffic stop and the sniff search without extending the duration of the traffic stop. As soon as the dog alerted to the apparent presence of drugs, the officers had reasonable articulable suspicion that Appellee was in possession of contraband drugs. The nature of the stop justifiably changed to permit a further search.
The Commonwealth bears the burden of establishing the constitutional validity of a warrantless search. See Gallman v. Commonwealth, 578 S.W.2d 47 (Ky. 1979) ; Cook v. Commonwealth, 826 S.W.2d 329 (Ky. 1992).
While we agree in principle with Reedy, the facts here are different. We find nothing to indicate that after Appellee was removed from his vehicle and well before the sniff search was done, the officers took any further steps to advance the mission of the traffic stop until after the dog sniff search was completed. There was no evidence offered to show that either officer was tending to any tasks associated with the issuance of a citation for running a stop sign.
Without evidence that the traffic stop mission was being "diligently pursued," i.e., the verification of Appellee's driver's license, vehicle registration and insurance, and the like, we cannot say that the sniff search was conducted concurrently with the traffic stop and thus did not prolong the stop beyond what was reasonably required to conduct the traffic stop. "As explained in Rodriguez, any prolonging *207 of the stop beyond its original purpose is unreasonable and unjustified; there is no 'de minimis exception' to the rule that a traffic stop cannot be prolonged for reasons unrelated to the purpose of the stop." Davis, 484 S.W.3d at 294 ; see Rodriguez, 135 S.Ct. at 1616. In fact, it appears that early in the stop the officers entirely suspended their attention to the traffic violation while Bowie did his work. That cannot be regarded as pursuing the traffic stop with "diligence." Under Rodriguez, the extended detention of Appellee was unreasonable, and the incriminating evidence found, as a result of the sniff search, must be suppressed.
The Court of Appeals, relying on Rodriguez and Davis, concluded that Bowie's free air sniff of Appellee's vehicle impermissibly extended the duration of the stop. We agree, and so, we affirm the opinion of the Court of Appeals.
III. CONCLUSION
The seizure of Appellee and his vehicle was justified only by a police-observed traffic violation. The Court of Appeals correctly determined that the traffic stop was unreasonably prolonged, and it properly reversed the ruling of the trial court. Accordingly, we affirm the opinion of the Court of Appeals.
All sitting.
Minton, C.J.; Cunningham, Hughes, and Keller, JJ., concur.
VanMeter, J., dissents by separate opinion in which Wright, J. joins.

The Court of Appeals also concluded that the sniff was neither related to the traffic offense nor based on probable cause or reasonable articulable suspension. The Commonwealth does not argue these points before this Court.