NICKELL, JUDGE:
Kristen Giles ("Giles")[1] entered a conditional guilty plea pursuant to RCr [2] 8.09 in the Jefferson Circuit Court on March 1, 2018, to the charges of trafficking in a controlled substance in the first degree,[3] possession of drug paraphernalia,[4] and planting, cultivating or harvesting marijuana with intent to sell or transfer (less than five plants),[5] for which he received a sentence of two years' imprisonment on each count to run concurrently for a total sentence of two years' imprisonment. The sentence was probated for a period of five years. Within his guilty plea, Giles reserved the right to appeal the trial court's denial of his motion to suppress evidence seized at his arrest. It is from that denial he appeals to this Court.
The undisputed facts of this case were presented during a suppression hearing convened on October 21, 2015. On February 25, 2014, Detective James Kaufling of the Louisville Metro Police Department received a call from a confidential informant[6] regarding cocaine and marijuana trafficking at an apartment on South 8th Street in Louisville, Kentucky. The caller told Det. Kaufling a black male using the name "P" was the trafficker, and informed him of the make, model and license plate number of the vehicle "P" drove. Using this information, Det. Kaufling found the vehicle was registered to Holyparadox Apollyon and learned he had a history of drug convictions. Det. Kaufling subsequently *121 initiated surveillance on the apartment specified by the confidential informant.
On the evening of March 7, 2014, Det. Kaufling observed an unknown black male exit the rear door of the apartment he was watching and proceed to walk in a southerly direction. Det. Kaufling, along with other officers, approached the subject approximately one block south of the apartment and engaged him in conversation. Upon inquiry, the subject informed officers his name was Holyparadox Apollyon. Detecting an odor of marijuana, Det. Kaufling asked the man if he had illicit drugs on him, to which the man replied in the affirmative; a bag of marijuana was retrieved from his right coat pocket. Contemporaneously, Det. Kaufling was informed Giles had an outstanding arrest warrant from Indiana. Giles was placed under arrest and secured with handcuffs.
Following the arrest, officers escorted Giles back to his apartment. Det. Kaufling admitted he had not observed anyone other than Giles entering or leaving the apartment during his surveillance. When officers arrived at the front door of the apartment, they heard no noises and noticed no movement inside. Nevertheless, the officers entered the apartment using a key obtained from Giles, ostensibly to ensure no other persons were present and secure it until a search warrant could be procured. While inside, officers observed crack cocaine and a small marijuana grow operation in plain view. An affidavit for search warrant was prepared which included reference to the illicit items seen in the apartment during the warrantless entry.
Upon execution of the ensuing search warrant, officers seized multiple incriminating items and Giles was subsequently indicted on the aforementioned charges. Giles moved to suppress the items seized from his apartment. After the trial court denied the motion, Giles entered a negotiated plea with the Commonwealth, reserving the right to appeal the adverse decision. This appeal followed.
When reviewing a trial court's ruling on a motion to suppress, this Court examines the trial court's findings of fact to confirm they are supported by substantial evidence. Peyton v. Commonwealth , 253 S.W.3d 504, 514 (Ky. 2008) (citing Adcock v. Commonwealth , 967 S.W.2d 6, 8 (Ky. 1998) ). Here, the trial court's factual findings are not in dispute and appear to be sufficiently supported by the record. Thus, we proceed to conducting a de novo review of the trial court's legal conclusions. Id. at 514-15.
Giles asserts the officers unlawfully entered his apartment without a warrant and without proof of exigent circumstances. He further asserts the trial court failed to consider defects in the search warrant affidavit and relied on facts unsupported by substantial evidence. Thus, he posits the trial court erred in denying his motion to suppress. The Commonwealth contends officers had probable cause to enter Giles' apartment to conduct a protective sweep based on the totality of the circumstances, the search warrant was valid, and the evidence was admissible under the inevitable discovery doctrine. We agree with Giles.
We begin by noting that "the touchstone of the Fourth Amendment is reasonableness," which "is measured in objective terms by examining the totality of the circumstances." Ohio v. Robinette , 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (internal quotation marks and citations omitted). Under the Fourth Amendment to the United States Constitution, in the absence of consent, police may not conduct a warrantless *122 search or seizure within a private residence without both probable cause and exigent circumstances. Kirk [v. Louisiana] , 536 U.S. [635,] at 638, 122 S.Ct. 2458 [153 L.Ed.2d 599 (2002) ] ; Payton v. New York , 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Any other search is per se unreasonable. Id. at 586-87, 100 S.Ct. 1371. See also Cook v. Commonwealth , 826 S.W.2d 329, 331 (Ky. 1992). The Commonwealth carries the burden to demonstrate that the warrantless entry falls within a recognized exception to the warrant requirement. Gallman v. Commonwealth , 578 S.W.2d 47, 48 (Ky. 1979). See also Posey v. Commonwealth , 185 S.W.3d 170, 173 (Ky. 2006) ; Commonwealth v. McManus , 107 S.W.3d 175, 177 (Ky. 2003).
King v. Commonwealth , 386 S.W.3d 119, 122 (Ky. 2012) (footnote omitted).
A protective sweep is "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." Maryland v. Buie , 494 U.S. 325, 327, 110 S.Ct. 1093, 1094, 108 L.Ed.2d 276 (1990). This warrant exception "permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." Id. , 494 U.S. at 337, 110 S.Ct. at 1099-100.
Giles contends no exigent circumstances existed and officers did not have probable cause to enter his home without a warrant. Our review of the record reveals officers had no reasonable indicia of criminal activity or exigent circumstances prior to entering Giles' apartment. The only indication of potential criminal activity was Giles' possession of a quantity of marijuana on his person when he was arrested approximately a block away from the apartment. Their surveillance had revealed no other persons entering or exiting the apartment, they heard no sounds, and saw no movements signaling the presence of a person or persons inside the apartment, and certainly nothing suggesting evidence was being destroyed. Thus, officers clearly lacked probable cause or exigent circumstances sufficient to justify entering the apartment. Their observations of illegal activity occurred only when they were in a place they had no legal right or justification to be. The Commonwealth failed to meet its burden of proving both probable cause and exigent circumstances justifying the warrantless entry.
Further, contrary to the Commonwealth's assertion, officers were not entitled to sweep his home because the sweep was not "incident to an in-home arrest." Buie , 494 U.S. at 336, 110 S.Ct. at 1099. Although "an arrest taking place just outside a home may pose an equally serious threat to the arresting officers[,]" United States v. Colbert , 76 F.3d 773, 776 (6th Cir. 1996), those are not the facts before us. We can find no identifiable basis for the performance of a protective sweep. Giles was arrested a significant distance from his apartment, was placed in handcuffs, and safely secured in the back of a patrol car. There was no imminent danger of an attack from within the apartment. The safety of the officers or those on the arrest scene was not in peril. The protective sweep exception to the warrant requirement was inapplicable in this case.
Finally, we dispense with the Commonwealth's contention the seized evidence was admissible under the doctrine of inevitable discovery.
*123 Under the inevitable discovery rule, it is permissible to admit "evidence unlawfully obtained upon proof by a preponderance of the evidence that the same evidence would have been inevitably discovered by lawful means." Hughes v. Commonwealth , 87 S.W.3d 850, 853 (Ky. 2002) (citing Nix v. Williams , 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) ). "The rationale behind the rule is that it does not put the police in a better position than they would have been absent the error, but only puts them in the same position as if there had been no unlawful search." Commonwealth v. Elliott , 714 S.W.2d 494, 496 (Ky. App. 1986) (citing Nix , 467 U.S. at 443, 104 S.Ct. at 2509, 81 L.Ed.2d 377 at 387 ).
Carter v. Commonwealth , 449 S.W.3d 771, 776 (Ky. App. 2014). As we have previously stated, officers did not possess probable cause prior to entering Giles' apartment. The information possessed at that time was also insufficient to support issuance of a search warrant. The affidavit submitted to the magistrate in this instance included information regarding illegal substances observed following the officers' improper entry, which was plainly included only to convince the magistrate of the existence of probable cause which otherwise was not present. Inclusion of this information tainted the warrant application and the ensuing warrant. Therefore, the warrant did not cleanse the taint of the unlawful entry and there were no lawful means by which officers could have otherwise secured the challenged evidence. The inevitable discovery rule is inapplicable.
The warrantless entry into Giles' apartment and subsequent search were per se unreasonable, and the Commonwealth did not carry its burden of showing otherwise. The fruits of the search should have been suppressed, and the trial court erred in not so concluding. We are constrained to reverse and remand to the Jefferson Circuit Court for further proceedings consistent with this Opinion.
ALL CONCUR.

During the pendency of this action, Giles legally changed his name to Holyparadox Apollyon. However, unless the circumstances require otherwise, we shall refer to him by his prior name because the indictment and all other documentation in the matter refer to him as such.

Kentucky Rules of Criminal Procedure.

Kentucky Revised Statutes (KRS) 218A.1412, a Class D felony.

KRS 218A.500, a Class A misdemeanor.

KRS 218A.1423, a Class A misdemeanor.

The confidential informant is not identified by name, nor is his/her prior reliability, if any, established.