**Virgil L. MONTGOMERY, Petitioner-Appellant,**

v.

**Donald E. BORDENKIRCHER, District Superintendent, Kentucky State Penitentiary, Respondent-Appellee.**

No. 78–3602.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1979.

Decided April 28, 1980.

---

128

Virgil L. Montgomery, pro se.

Kathleen C. King, Cincinnati, Ohio (Court-appointed), for petitioner-appellant.

Robert F. Stephens, Atty. Gen. of Kentucky, Joseph R. Johnson, Willie Peale, Asst. Attys. Gen., Frankfort, Ky., for respondent-appellee.

Before CELEBREZZE, BROWN and JONES, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court denying the application of petitioner Montgomery for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 11, 1975, Montgomery was convicted by a jury on one count of armed robbery and one count of habitual criminality in the circuit court of Jefferson County, Kentucky. He received sentences of 10 years imprisonment on the armed robbery charge and life imprisonment on the habitual criminality charge, the sentences to run concurrently. On appeal the Kentucky Supreme Court modified the judgment of con-

viction by eliminating the sentence for the armed robbery offense. Petitioner then resorted to the collateral attack remedies available under Kentucky law by filing a motion to vacate his judgment of conviction. That motion was denied by the trial court and subsequently affirmed by the Supreme Court of Kentucky.

Having exhausted his state court remedies, Montgomery petitioned the United States District Court for the Western District of Kentucky for a writ of habeas corpus. In a Memorandum and Order, District Judge Charles M. Allen carefully examined the claims presented by petitioner. He then granted the respondent's motion for summary judgment and accordingly dismissed the petition.

Prior to petitioner's conviction for the offense in the instant case, he was convicted of robbery in 1950, of assault with intent to rob in 1954, and of armed assault with intent to rob and habitual criminality in 1964. These convictions were read to the jury as part of the indictment charging petitioner with habitual criminality in the 1975 proceeding.

■ The first issue presented to us for decision is whether Montgomery was represented by counsel when he entered a guilty plea in the 1950 proceeding charging him with robbery. Petitioner alleges that he was not represented by an attorney thus requiring vitiation of that conviction under *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). There the Supreme Court held that under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it is constitutionally prohibited to try a person for a felony in a state court unless he has a lawyer or has validly waived one. Unlike *Burgett* where the certified records raised a presumption that the defendant had been denied his right to counsel in a Tennessee proceeding, the record in this case indicates that petitioner was represented by counsel. Specifically, at the time Montgomery withdrew his not guilty plea and entered a plea of guilty, the transcript reads that the defendant "comes his attorney." We find this recitation in the

judgment sufficient to refute petitioner's unsupported allegation of non-representation. *See also Lewis v. United States,* ⎯⎯ U.S. ⎯⎯, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).

■ Petitioner's second claim presupposes the acceptance by this court of his first claim. That is, if the 1950 conviction was constitutionally infirm, his 1964 conviction for habitual criminality must also fall. Since petitioner's 1950 conviction was valid, the requisite number of criminal convictions for habitual criminality were present under Ky.Rev.Stat. § 431.190 (Repealed 1975). The 1964 conviction for habitual criminality was thus validly obtained. Both convictions were therefore properly before the jury in the 1975 proceeding for habitual criminality.

■ Finally, petitioner contends that he was subjected to double jeopardy because the same prior felony convictions were twice used to enhance his punishment as a habitual criminal. It is clear that the habitual criminal statute does not establish an independent criminal offense. Rather, it defines a status and thereby serves to enhance punishment for a crime committed by a person who is a habitual criminal. *Hardin v. Commonwealth,* 573 S.W.2d 657 (Ky. 1978). Because the habitual criminal statute defines a status and not a separate offense, the double jeopardy prohibition is inapplicable.

The judgment of the district court is affirmed.