**Roger Dale MALICOAT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Aug. 31, 1982.

Jack Emory Farley, Public Advocate, Erwin W. Lewis, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., William L. Davis, Asst. Atty. Gen., Frankfort, for appellee.

OPINION OF THE COURT

Appellant questions his conviction for first-degree bail jumping, KRS 520.070, and for being a first-degree persistent felony offender, KRS 532.080. He was sentenced to 20 years in prison.

Appellant was indicted during the summer of 1980 for third-degree burglary. His trial date was set for August 21, 1980, and he was released on a $10,000 bail bond. On August 21, 1980, appellant appeared in court without an attorney. The trial court continued his bond and scheduled his next appearance for December 2, 1980.

On December 2, 1980, appellant's case was called in open court; he failed to answer or appear. His bond was forfeited, and a warrant for his arrest was executed on December 23, 1980.

■ Appellant's first claim is that the Commonwealth failed to prove that he intentionally failed to appear on December 2, 1980. Such intent is a necessary element of bail jumping under KRS 520.070. Appellant testified that he understood the trial court to say, *January* 2, not December 2. He places great reliance on the fact that he never signed a document indicating that he knew he was to reappear December 2. Written acknowledgement was not necessary. Appellant was in the courtroom on August 21, 1980, when the trial court orally informed him of the new trial date. A deputy clerk recorded the December 2 date in her minute book. A warrant for appellant's arrest was issued on December 9, 1980. The warrant was executed two weeks later by sheriff's deputies who found appellant in the attic of his mother's home. The attic was not equipped for living. From this evidence, a jury could reasonably conclude that appellant knew the proper date, having been present when it was assigned, and was hiding in his mother's attic with the express objective of escaping trial. Appellant's conviction was based on proof which supported the jury's verdict. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

■ Appellant next asserts that the trial court's ruling admitting evidence of the forfeiture of his bail bond was improper, because it was a finding of fact which invaded the province of the jury. By admitting such evidence, appellant maintains, the trial court informed the jury of a judicial decision touching the major elements of the bail jumping offense: failure to appear and intent. Of course, evidence of appellant's bond forfeiture proceeding was strong evidence that appellant failed to appear, and what better way to prove it. However, this proved only one element of the bail jumping charge and in no way went to the element of intent. The jury still had to

determine why appellant did not appear. The bond forfeiture proceeding made no determination of this issue.

■ Appellant next attacks the persistent felony offender portion of his trial. During the Commonwealth's proof of prior offenses, testimony showed that appellant had previously been convicted as a second-degree persistent felony offender. While reference was made to this fact, the "PFO" conviction itself was clearly not one of the crimes used to enhance appellant's present conviction. We cannot see how the jury's knowledge that he had previously been found to be a PFO was unduly prejudicial. With or without that knowledge; they were fully apprised of his extensive criminal background.

Appellant last challenges his persistent felony offender conviction on grounds of double jeopardy. The question is: did double jeopardy attach when the trial court permitted prior convictions to be used to enhance his conviction, when those same convictions had been used to enhance a previous conviction?

■ The persistent felony offender statute defines a status, not an independent criminal offense. *Hardin v. Commonwealth*, Ky., 573 S.W.2d 657 (1978). Because it is a status, double jeopardy does not attach. Accord., *Montgomery v. Bordenkircher*, 620 F.2d 127 (6th Cir. 1980); *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979); *Pearson v. State*, 521 S.W.2d 225 (Tenn.1975).

The judgment of the Laurel Circuit Court is affirmed.

All concur.