William D. GILL, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Nov. 23, 1982.

Rehearing Denied in No. 81–SC–601–MR
May 11, 1983.

Jack Emory Farley, Public Advocate, Frankfort, Allen W. Holbrook, Morehead, and William D. Gill, pro se, for appellant.

Steven L. Beshear, Atty. Gen., Stephen L. Frank, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

William D. Gill was convicted by a jury in Fayette Circuit Court of one count of trafficking in a Schedule II narcotic drug, cocaine (KRS 218A.990), one count of trafficking in a Schedule II non-narcotic drug, preludin (KRS 218A.990), and one count of being a persistent felony offender in the first degree (KRS 532.080). His punishment was enhanced to ten years on each count and was ordered to run consecutively.

After filing a direct appeal, appellant filed, *pro se,* an RCr 11.42 motion attacking his conviction for first degree PFO. The trial judge sustained the motion and set aside the PFO conviction because only one of the two prior felony convictions could be used to enhance punishment. We retained jurisdiction of the appeal addressing the trafficking convictions even though the first degree PFO conviction had been set aside.

After the indictment was amended to second degree PFO, appellant was convicted and received a twenty year sentence with

credit given for time served under his first degree PFO conviction. The appeal from the trafficking convictions and the *pro se* appeal from the second degree PFO conviction have been consolidated and will be addressed in this opinion.

## TRAFFICKING CONVICTIONS

The only issue preserved for review is whether appellant's substantial rights were violated by trial testimony tending to connect him with the unrelated offense of promoting prostitution. There were three oblique references to appellant's profession. The first was elicited by his attorney when appellant said he was a "street guy" by trade. The second reference occurred during cross-examination of Loretta Gill, appellant's wife, and was not objected to by defense counsel. Loretta testified that appellant "has ladies" who worked for him. The least ambiguous question occurred during cross-examination of appellant when he was asked how often was he paid by his ladies. The trial judge overruled defense counsel's objection to this last question and allowed appellant to answer.

We do not think the door had been opened for the Commonwealth to ask a question better informing the jury what type of street guy appellant was. However, the testimony is, at worst, vague and irrelevant, and there is no claim that the Commonwealth made the slightest reference to it during closing arguments. We are convinced the result would have been no different had the error not occurred. *Niemeyer v. Commonwealth*, Ky., 533 S.W.2d 218 (1976).

## SECOND PFO PROCEEDING

Appellant claims he was placed twice in jeopardy when he was tried for second degree PFO after having his earlier conviction for first degree PFO set aside. It is apparent from the record that the trial judge's order to set aside was based upon a finding of insufficient evidence to sustain the jury's guilty verdict. Consequently, the double jeopardy clause precludes retrial for

the higher status offense. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The order setting aside, however, says nothing of the sufficiency of the evidence to convict appellant of second degree PFO, and we certainly cannot infer from the jury's verdict in the first proceeding that appellant was acquitted of it. We do not think the protections raised by the double jeopardy clause are blunted when it was not the purpose of the second proceeding to give the Commonwealth another opportunity to produce evidence which it simply failed to muster initially. Appellant's Fifth Amendment rights were not violated.

Appellant's other contentions pertaining to his PFO conviction are either without merit and are summarily dismissed, or are not preserved for review.

The convictions are affirmed.

All concur.