**Willie SUDDS, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and the Attorney General of the State of Louisiana, William J. Guste, Jr., Respondents-Appellees.**

No. 82–3144
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1983.

Willie Sudds, pro se.

William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before GEE, RANDALL and HIGGIN-BOTHAM, Circuit Judges.

PER CURIAM:

The petitioner, Willie Sudds, appeals from the district court's denial of his habeas corpus petition. For the reasons set forth below, we affirm the judgment of the district court.

Sudds was convicted in Louisiana state court of attempted forcible rape. He was sentenced as a habitual offender because he had two prior Texas felony convictions. He appealed his conviction to the Louisiana Supreme Court, which affirmed it. Since he presented all the grounds raised here in his state appeal, he has exhausted his state remedies.

In the federal district court, Sudds alleged four grounds for relief. They were that the state trial court violated his constitutional rights by (1) denying his motion challenging a potential juror for cause; (2) refusing to charge the jury on the defense of intoxication; (3) convicting him under a statute which did not define a crime; and (4) using his prior felony convictions to enhance the sentence given him. The district court adopted the magistrate's findings that none of these allegations had merit. Sudds appeals from the district court's denial of the petition, and he raises the same four objections to the conviction.

■ We have held that refusal to grant a challenge for cause is within the discretion of the trial court, and it does not provide a basis for habeas corpus relief unless the disqualifying fact was so prejudicial that the refusal deprived the petitioner of a fundamentally fair trial. *Passman v. Blackburn*, 652 F.2d 559 (5th Cir.1981), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1722, 72 L.Ed.2d 141 (1982). There was no deprivation of fundamental fairness here.

■ The juror in question stated during voir dire that her nephew was a state trooper. She was then asked whether that would make her inclined to believe police witnesses merely because they were police; she replied that "I think I would have to lean a little bit toward the policemen." The judge asked whether she could obey an instruction not to favor police witnesses, and she replied, "Well, I would try not to [favor them]." The prosecutor then explained that there would be a variety of witnesses—the victim, the police, and various eyewitnesses—and that a juror's job was to evaluate the credibility of each witness impartially. The prosecutor said that a juror could not give greater weight to a police officer's testimony simply because he was a policeman, but the juror could do so if the policeman seemed more credible than other witnesses. The juror then stated that

she was "sure" that she could listen to the witnesses and weigh their testimony impartially.

Under these circumstances, we do not believe that the denial of the challenge for cause made the proceedings fundamentally unfair. The juror, despite her initial reservations, stated that she could evaluate the testimony impartially. Further, the police testimony in this case was rather peripheral; the victim and several eyewitnesses testified to Sudds' commission of the crime. Since the denial of the challenge did not result in fundamental unfairness, this allegation affords no ground for habeas relief. *Passman, supra.*

■ Next, Sudds challenges the trial court's refusal to give an instruction on the defense of intoxication. The refusal did not violate Sudds' right to due process, because the evidence adduced at trial did not raise the defense. A review of the transcript shows that several witnesses made statements which indicated that Sudds might have been drinking, but the defense made no attempt to pursue the topic. Further, Sudds' attorney conceded, during the judge's conference with the attorneys on the charge to be given, that the defense of intoxication had not been raised in the trial. We thus find no ground for habeas relief in the refusal to charge.

■ Sudds' third argument is rather unusual: he claims that attempted forcible rape is not a crime in Louisiana, but merely a "responsive verdict to" charges of various other rape offenses, or alternatively an impermissible combination of the rape and attempt statutes. The short answer to this contention is that it is a state-law question that the Louisiana Supreme Court resolved against the petitioner in his direct appeal. Sudds does not allege that it is unconstitutional for Louisiana to make attempted forcible rape a crime. His statutory argument is thus not cognizable in a habeas proceeding.

Finally, Sudds claims that the use of his Texas felony convictions in the Louisiana proceeding violated his privilege against double jeopardy. He asserts two separate alleged violations: first, that his first Texas conviction was used as an element of the second Texas crime for which he was convicted; and second, that his first Texas conviction has now been used to enhance the sentence in two subsequent felony convictions.

■ Sudds provides no evidence for the assertion that the first conviction was used as an element of the second crime. Under the Texas habitual offender statute, Tex. Penal Code Ann. § 12.42 (Vernon 1974), the prior conviction is used only for enhancement of the sentence, not as an element of the subsequent crime. This statute does not violate the prohibition against double jeopardy. *Woodard v. Beto,* 447 F.2d 103 (5th Cir.), *cert. denied,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971). The substantive statute under which Sudds was charged in his second trial, Tex.Penal Code Ann. § 31.03 (Vernon 1974) (theft), does not specify a prior conviction as an element of the crime. We therefore find no factual basis for the claim of double jeopardy in the 1975 conviction.

■ We come now to Sudds' contention that the same prior conviction cannot be used to enhance two subsequent convictions. Sudds cites no case for this proposition, nor can we find any to support it. Since double jeopardy principles are not offended by the use of a prior felony conviction to enhance punishment, *Woodard, supra; Price v. Allgood,* 369 F.2d 376 (5th Cir.1966), *cert. denied,* 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967) (upholding Louisiana statute), we see no logical reason why it should be impermissible to use the same prior conviction to enhance sentences on more than one subsequent conviction. Another circuit has reached the same conclusion. *Montgomery v. Bordenkircher,* 620 F.2d 127 (6th Cir.), *cert. denied,* 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71 (1980). Such a restriction would greatly reduce the utility of tiered habitual offender statutes (where the sentence is enhanced to one degree for the second conviction, to another degree for the third, and so on), since a

criminal who was convicted as a second offender could not then be convicted as a third offender until he had committed two more crimes. We therefore see no reason, in logic or in law, to adopt Sudds' contention.

We find that none of Sudds' arguments has merit. The judgment of the district court is therefore AFFIRMED.