785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL EUGENE ALLEN, Petitioner-Appellant,
v.
MICHAEL DUTTON AND MICHAEL CODY, Respondents-Appellees.
 85-5112
 United States Court of Appeals, Sixth Circuit.
 1/9/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, Senior District Judge.*
 
 
 2
 This pro se Tennessee prisoner appeals from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. In 1983, the petitioner was convicted by a jury of third degree burglary/safecracking and grand larceny. Petitioner was sentenced to consecutive terms of twenty-one and ten years imprisonment, respectively. Petitioner filed a direct criminal appeal with the aid of counsel, and the court of appeals affirmed the conviction. The Tennessee Supreme Court declined review.
 
 
 3
 Petitioner raised three grounds in his petition and he attached in support thereof the brief prepared by counsel filed in his direct criminal appeal. Petitioner claimed his convictions lacked the support of sufficient evidence; the trial court erroneously refused to suppress the admission of certain evidence; and, the trial judge erred in considering his prior criminal record which resulted in the imposition of an enhanced sentence in violation of due process and the double jeopardy clause.
 
 
 4
 On appeal, the pro se petitioner argues that he failed to exhaust his state court remedies which, therefore, mandates the vacation of the district court judgment denying his habeas petition.
 
 
 5
 Upon review of the cause, this Court concludes that the district court properly entertained the petition and dismissed the petition for the reasons stated by it. The petitioner did exhaust his state court remedies as to all his asserted claims as required by 28 U.S.C. Sec. 2254(b). The exhaustion requirement is satisfied once the federal claims are 'fairly presented' to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971); Butler v. Rose, 686 F.2d 1163, 1158 (6th Cir. 1982) (en banc). Petitioner need not cite both 'both book and verse on the federal constitution,' Picard v. Connor, supra, 404 U.S. at 278; rather, he need only bring the substance of his federal claims to the attention of the state courts. Butler v. Rose, supra, 686 F.2d at 1168. This requirement was met in this case. A review of the cause clearly discloses that the petitioner raised all of his issues on appeal in a constitutional context which fairly presented to the state court his federal claims. Every case cited in the 59-page brief filed by appellant in the Tennessee Court of Appeals was a Federal Court case pertaining to a federal constitutional claim.
 
 
 6
 Proceeding to the merits of petitioner's case, it is likewise clear that the petitioner's convictions are amply supported by the evidence. Jackson v. Virginia, 443 U.S. 307 (1979); Brown v. Davis, 752 F.2d 1142, 1144 (6th Cir. 1985). The facts as recited by the state court of appeals are presumed correct in this proceeding as the petitioner has failed to establish by convincing evidence that the facts are erroneous. Brown v. Davis, supra, 752 F.2d at 1147; Haggins v. Warden, Fort Pillow State Farm, 715 F.2d 1050, 1055 (6th Cir. 1983), cert. denied 104 S.C. 980 (1984). Petitioner's challenge of the experts' testimony does not discredit the factual recitation. The jury's resolution of questions regarding the credibility and the demeanor of the experts is subject to 'special deference' in habeas corpus proceedings. Patton v. Yount, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984); Brown v. Davis, supra, 752 F.2d at 1147. It is likewise settled that uncorroborated accomplice testimony is sufficient to support a conviction under the federal constitution. Takacs v. Engle, 768 F.2d 122, 127 (6th Cir. 1985); Brown v. Davis, supra, 752 F.2d at 1144-45. Circumstantial evidence is also sufficient to support a conviction. Wiley v. Sowders, 669 F.2d 386, 390 (6th Cir. 1982); United States v. Eisner, 533 F.2d 987, 989 (6th Cir.) cert. denied, 429 U.S. 919 (1976); United States v. Scales, 464 F.2d 371 (6th Cir. 1972). Viewing the evidence most favorably to the prosecution, the district court properly concluded that any rational trier of fact could have found petitioner guilty of both crimes as charged under T.C.A. Secs. 39-3-404(b)(1) and 39-3-1103.
 
 
 7
 Petitioner's search and seizure claim was also properly rejected by the district court as the petitioner had a full and fair opportunity to present the claim in the state courts, and his presentation of the claim was not frustrated by the failure of any state process. Gilbert v. Parke, 763 F.2d 821, 823 (6th Cir. 1985).
 
 
 8
 Finally, it is clear that petitioner's sentence was not illegally enhanced. Enhancement of the petitioner's sentence on the basis of prior convictions did not violate due process or the double jeopardy clause because the petitioner was not twice tried or punished for the same offense. Baker v. Duckworth, 752 F.2d 302, 304-5 (7th Cir.), cert. denied, 105 S.Ct. 3483 (1985); Sudds v. Maggio, 696 F.2d 415, 417-18 (5th Cir. 1983); Montgomery v. Bordenkircher, 620 F.2d 127, 129 (6th Cir.), cert. denied, 449 U.S. 857 (1980).
 
 
 9
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, Plaintiffs-Appellants, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation