**Joseph Carl WHITE and Marita Renee Combs, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–SC–300–DG.**

Supreme Court of Kentucky.

March 16, 1989.

Rehearing Denied June 8, 1989.

Steven D. Yater, Louisville, for appellants.

Frederic J. Cowan, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which held that the trial judge may resentence White as a Persistent Felony Offender II without retrial.

White and Combs were originally convicted of third-degree burglary and criminal mischief. The jury assessed a sentence of one year for the burglary and a $250 fine for the criminal mischief. White's sentence was enhanced to ten years pursuant to PFO I. His fine was probated and Combs' sentence was probated for five years. The Court of Appeals reversed White's PFO one conviction on the ground that the two prior felonies used to enhance punishment constituted only one previous conviction under KRS 532.080(4) and remanded for the sentencing of White by the trial judge as a PFO II. We granted review on the issue of whether the trial court may resentence White as a PFO II without retrial.

The action by the Court of Appeals raises two issues: 1) May White be sentenced as a PFO II without first being retried under a PFO II instruction; and 2) May the judge impose the sentence.

■ The indictment which originally charged White as a being a PFO I was sufficient to allow for a conviction as a PFO II. KRS 505.020(2) provides that "[a] defendant may be convicted of an offense that is included in any offense with which he is formally charged." Although the indictment was sufficient, nevertheless the jury must be instructed on PFO II and decide his guilt or innocence.

White argues his retrial as a PFO II is barred by the double jeopardy clause. We disagree. *Gill v. Commonwealth*, Ky., 648 S.W.2d 846 (1983) is dispositive of this matter. In that case, the defendant was convicted as a PFO I but the conviction was set aside because of insufficient evidence to sustain a guilty verdict. The order setting aside the verdict did not address the issue of sufficiency of the evidence as a PFO II. It was held that a trial on the charge of PFO II was not barred by the double jeopardy clause. Here there was insufficient evidence of PFO I but sufficient evidence and a finding of guilt on all the elements of PFO II. Therefore, a retrial would not be barred by double jeopardy. White's citation to *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978) is not persuasive.

A PFO trial does not involve an independent criminal offense but rather a status which enhances punishment for a crime committed by a person who is an habitual criminal. *Malicoat v. Commonwealth*, Ky., 637 S.W.2d 640 (1982) held that double jeopardy is not involved as a result of the repeated use of the same felony conviction to enhance punishment. *Cf. Montgomery v. Bordenkircher*, 620 F.2d 127 (6th Cir. 1980).

■ Conviction as a Persistent Felony Offender is not a charge of an independent criminal offense but rather a particular criminal status. Consequently double jeopardy does not attach. Persistent Felony Offender proceedings involve the status of the offender and the length of the punishment, not a separate or independent criminal offense. Kentucky Constitution Section 13 and KRS 505.040(1)(a) both relate to an offense before double jeopardy is activated. Retrial of White as a second degree Persistent Felony Offender would not be prohibited by the constitutional provisions against double jeopardy.

■ Although the criminal defendant has no right to jury sentencing under the United States Constitution, the General Assembly of Kentucky has created a statutory right for criminal defendants. KRS 532.080; KRS 532.055(2). The Court of Appeals decision would abrogate this right and therefore it is in error. Based on our examination of the commentary, it is our belief that the legislative intent of the General Assembly in adopting KRS 532.080 was to permit a jury to consider the matter of sentencing White as a Persistent Felony Offender II.

The decision of the Court of Appeals is reversed and this matter is remanded to the trial court for the jury to re-try White as a second-degree persistent felony offender pursuant to proper instructions from a trial judge. If convicted, he shall be sentenced by the jury.

STEPHENS, C.J., and COMBS, J., concur.

LEIBSON, J., concurs in result only.

VANCE, J., dissents by separate opinion in which GANT and LAMBERT, JJ., join.

VANCE, Justice, dissenting.

Respectfully, I dissent. I see no reason to impose on our overburdened judicial system a complete retrial of this case with the potential for further appeals concerning alleged errors on the retrial.

In *Crooks v. Commonwealth*, Ky., 655 S.W.2d 475 (1983), we held that a jury is required not only to find guilt but must also fix a sentence in a persistent felony offender case. In that case, however, the jury returned a verdict of guilt, but was unable to agree upon a sentence. *Crooks v. Commonwealth, supra,* is not controlling here because in this case a jury has found the appellant guilty as a persistent felony offender and has also imposed the minimum sentence permitted by law for his offense.

The finding of guilt on the underlying offense has been affirmed on appeal. His conviction as a persistent felony offender in the first degree was reversed solely because the two previous sentences for felony used to enhance punishment constituted only one previous conviction pursuant to K.R.S. 532.080(4). Because only one previous conviction could be used to enhance the sentence, appellant could not be convicted as a persistent felony offender in the first degree but could be convicted as a persistent felony offender in the second degree.

The conviction of the appellant as a persistent felony offender in the first degree based on the jury's belief that he had been found guilty previously of two felonies necessarily included a finding by the jury that he had been convicted previously of at least one felony.

It is my view that appellant has had a due process trial. A jury has already determined fairly from the evidence that prior to his conviction of the underlying offense, he had been convicted of at least one felony.

The jury has already imposed the minimum sentence of 10 years as a persistent felony offender in the first degree. The minimum sentence in appellant's case as a persistent felony offender in the second degree is five years. While there is no doubt that the jury's verdict in the first trial necessarily included a finding that appellant had previously been convicted of a felony, there is reason to doubt whether the jury would have imposed the maximum rather than the minimum penalty as a persistent felony offender in the second de-

gree. Since the jury was agreeable to the imposition of a minimum penalty of ten years on the facts of this case, there is simply no reason to doubt that the same jury would have imposed at least the minimum of five years imprisonment as a second-degree persistent felony offender.

Upon the remand to the circuit court for resentencing, it is my view that the trial judge can impose the minimum penalty as a second-degree persistent felony offender without a retrial. A jury verdict would be required, however, to impose any sentence greater than the minimum.

GANT and LAMBERT, JJ., join in this dissent.