United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 8, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20461
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE GUADALUPE GONZALEZ-PATINO, also known as Jose G
Gonzalez,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
4:04-CR-386-ALL

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Gonzalez-Patino pleaded guilty to illegal
reentry and subsequently received a sixteen-level sentencing
enhancement based on a previous conviction for drug trafficking.
For the first time on appeal, Gonzalez-Patino argues that (1) the
district court erred by solely relying on his presentencing report

---

[*]    Pursuant to 5TH CIR. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

("PSR") in determining that his prior conviction was a drug trafficking offense; (2) the use of his prior conviction violated the Double Jeopardy Clause and the Eighth Amendment; and (3) he had ineffective assistance of counsel.

For the reasons explained below, the sentence is AFFIRMED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Gonzalez-Patino pleaded guilty to illegal reentry after deportation under 8 U.S.C. § 1326(a)(1) (2000). The PSR recommended a sixteen-level enhancement for a prior conviction for "a drug trafficking offense for which the sentence imposed exceeded thirteen months." U.S.S.G. § 2L1.2(b)(1)(A)(i) (2004). At sentencing, the court relied on the PSR's description of a 1991 offense[1] in determining that the offense constituted "drug trafficking." The PSR did not identify the Texas statute under which Gonzalez-Patino was convicted. It is undisputed that the statute was TEXAS HEALTH & SAFETY CODE § 481.112(a) (Vernon 1989).[2]

At sentencing, Gonzalez-Patino did not object to the court's reliance on the PSR. The court sentenced him to fifty-seven

[1]The PSR described police surveillance of Gonzalez-Patino in which they observed "the defendant who appeared to be conducting transactions in the parking lot of [a] lounge." It also described finding on or near the defendant "two bags containing cocaine," "$2,772," "[a]n additional $160.95," and "a triple beam scale."

[2]As pointed out by the Government, Gonzalez-Patino mistakenly cites a more recent version of the statute. This does not affect our analysis.

2

months' imprisonment.  Gonzalez-Patino appealed.

## II.  STANDARD OF REVIEW

Gonzales-Patino concedes that plain error review is appropriate, given that he raises these issues for the first time on appeal.  Plain error exists when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights."  *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).  Even if these conditions are met, an appellate court may exercise its discretion to notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 358–59.

## III.  DISCUSSION

### A.  The Court's Reliance on the PSR

A district court is "not permitted to rely on a PSR's characterization of a defendant's prior offense in order to make a determination of whether it was a 'drug trafficking offense.'" *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). This follows the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575, 602 (1990), that requires sentencing courts to determine the nature of a prior conviction by examining the statute under which the conviction was attained.  For statutes that contain both conduct that qualifies for an enhancement and conduct

3

that does not, courts can also examine charging instruments or jury instructions. *Id.* The district court erred by not reviewing the necessary documents. This error is plain.

Gonzalez-Patino, however, fails to satisfy the third prong of plain error review. Gonzalez-Patino bears the burden of proving that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993). To meet that burden, he must show a reasonable probability that, but for the error, he would have received a lesser sentence. *Villegas*, 404 F.3d at 364.

Gonzalez-Patino fails to argue that his prior conviction was not for drug trafficking. While the statute at issue might include some conduct that is not "drug trafficking,"[3] Gonzalez-Patino does not argue that his conviction was for that specific conduct. He does not contend that were the district court to review allowable evidence, such as the charging instrument, that this evidence would show that he had not committed a "drug trafficking" offense. Instead, Gonzalez-Patino simply shows that without the sixteen-level enhancement he would have received a shorter sentence. This is not enough. *United States v. Ochoa-Cruz*, __ F.3d __, 2006 WL 548421, at *2 (5th Cir. Mar. 7, 2006). Without at least arguing

---

[3]Gonzalez-Patino argues that the statute at issue includes some conduct that would not qualify as "drug trafficking" under the Sentencing Guidelines. Specifically, he contends that the statute covers "delivery" of a controlled substance, which includes merely "offering to sell" the substance. We assume without deciding that he is correct.

that the drug trafficking enhancement was ultimately wrong, Gonzalez-Patino cannot show that he would have received a lesser sentence. *Id.*

Gonzalez-Patino has not shown that the error affected his substantial rights. Therefore, his argument fails under plain error review.

B. The Constitutionality of the Enhancement

Gonzalez-Patino argues, also for the first time on appeal, that the sixteen-level enhancement violated the Double Jeopardy Clause by unconstitutionally punishing him twice for his 1991 offense. *See* U.S. CONST. amend V. He contends that a court already sentenced him to ten years' imprisonment for the offense, and that the enhancement punishes him again for the same conduct. He also argues, again for the first time on appeal, that the enhancement violates the Eighth Amendment. *See* U.S. CONST. amend VIII. He contends that the enhancement, when considered with the time he already served for the 1991 offense, creates a punishment that is grossly disproportionate to his conduct. *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977).

Gonzalez-Patino has not established error. The use of a prior conviction for enhancement purposes does not violate double jeopardy. *Sudds v. Maggio*, 696 F.2d 415, 417 (5th Cir. 1983). In addition, Gonzalez-Patino's Eighth Amendment argument lacks merit. Our Eighth Amendment analysis is limited to the punishment

5

surrounding the illegal reentry. We cannot, as Gonzalez-Patino suggests, consider the current punishment in conjunction with the punishment for the 1991 offense. *Cf. United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) ("[A]ppellate review for Eighth Amendment challenges is narrow."). Gonzalez-Patino's fifty-seven months' sentence is not grossly disproportionate to his conduct. Therefore, Gonzalez-Patino's constitutional arguments fail.

C. Ineffective Assistance of Counsel

Gonzalez-Patino also contends that the sentence cannot stand because he received ineffective assistance of counsel. This claim is not ripe for appellate review. *See United States v. Sidhu*, 130 F.3d 644, 650 (5th Cir. 1997). "Generally, a claim for ineffective assistance of counsel is not reviewed on direct appeal when, as here, there has been no development of the issue in the district court." *Id.* This Court will consider such claims in "rare cases" where the record is fully developed. *United States v. Cornett*, 195 F.3d 776, 781 n.2 (5th Cir. 1999). Contrary to Gonzalez-Patino's assertions, however, this is not one of those rare cases. There is no record regarding counsel's alleged ineffectiveness.

AFFIRMED.