United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41741
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELIZABETH BENAVIDEZ-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(05-CR-223)
_____

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Elizabeth Benavidez-Gonzalez pleaded guilty to being illegally present in the United States after previously having been deported, in violation of 8 U.S.C. § 1326(a) and (b) (2005). At sentencing, she received a 16-level sentencing enhancement based on a previous conviction for delivery of a controlled substance and was sentenced to 30 months. Benavidez-Gonzalez now appeals her sentence arguing: (1) the district court erred by enhancing her sentence under United States Sentencing Guidelines

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("U.S.S.G.") § 2L1.2(b)(1)(A)(i) (2005); and (2) the enhancement provisions contained in 8 U.S.C. § 1326(b) are unconstitutional. For the following reasons, the sentence is AFFIRMED.

I.

On May 5, 2005, Benavidez-Gonzalez pleaded guilty to being illegally present in the United States in violation of 8 U.S.C. § 1326(a) and (b).  The PSR recommended a 16-level enhancement because of a prior conviction for "a drug trafficking offense for which the sentence imposed exceeded thirteen months."  U.S.S.G § 2L1.2(b)(1)(A)(i).  In 1997, Benavidez-Gonzalez was convicted in Texas state court of possession with intent to deliver cocaine and was sentenced to 15 years imprisonment.  The probation officer based the 16-level adjustment on this conviction.

Prior to sentencing, Benavidez-Gonzalez asserted that the 16-point upward adjustment was inappropriate because neither the indictment nor the judgment had been produced nor had any reference been made to the statute of conviction.  Benavidez-Gonzalez also objected to the constitutionality of 8 U.S.C. § 1326(b).

At sentencing, after the indictment and the judgment of conviction had been filed in the record, the district court overruled Benavidez-Gonzalez's general objection to application of the "drug trafficking" enhancement.  The relevant state court documents showed that Benavidez-Gonzalez had pleaded guilty to an

indictment which stated that she had "unlawfully, intentionally and knowingly possess[ed] with intent to DELIVER a controlled substance, namely, COCAINE, ..." (emphasis in original). These documents did not, however, provide any underlying facts of Benavidez-Gonzalez's crime. The district court also overruled Benavidez-Gonzalez's constitutional challenge to the statute of conviction, 8 U.S.C. § 1326(b). After making a number of adjustments that are not challenged on appeal, Benavidez-Gonzalez's advisory guidelines imprisonment range was 30 to 37 months. The court sentenced her to 30 months, to be followed by a two-year term of supervised release. This appeal followed.

Appellant raises two issues: (1) whether the district court misapplied the Guidelines when it enhanced her offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i); and (2) whether the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional.

## II.
### A.

Benavidez-Gonzalez argues that the district court erred by enhancing her sentence by 16 levels on the basis of her 1997 conviction. Benavidez-Gonzalez notes that the relevant statutory provision, Texas Health and Safety Code § 481.112(a), criminalizes a variety of conduct, including acts that cannot form the basis for a sentencing enhancement under § 2L1.2(b)(1)(A)(i). Because

3

Benavidez-Gonzalez did not object to the 16-level enhancement on the basis that her conviction did not constitute a drug-trafficking felony in the district court, we review for plain error.

Plain error exists when: "(1) there was an error: (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). Even if these conditions are met, an appellate court may exercise its discretion to notice the error only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59.

Benavidez-Gonzalez argues that the statute at issue includes some conduct that would not qualify as "drug trafficking" under the Sentencing Guidelines. Specifically, she notes that the Texas statute's definition of "delivery" includes merely "offering to sell" the substance. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2005). We assume without deciding that she is correct.

We conclude, however, that even if the district court committed obvious error, Benavidez-Gonzalez has failed to satisfy the third prong of plain error review. To show that the error in applying the sentencing enhancement affected her substantial rights, Benavidez-Gonzalez must at least argue that her previous conduct did not constitute drug trafficking. See United States

4

v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006).  In Ochoa, utilizing the categorical approach, we concluded that the district court had erred in imposing an enhancement because it had failed to examine the statutes under which the defendant's prior convictions were attained, and had instead relied on the presentence report's characterization of those convictions as "crimes of violence."  Ochoa-Cruz, 442 F.3d at 867.  Although the panel found that the district court had committed obvious error, it concluded that the defendant had failed to satisfy the third prong of the plain error test because he had not argued that his previous conduct did not constitute "crimes of violence."  Id. The court said that in order to satisfy the third prong of plain error, the defendant must "at least argue that the crime of violence enhancement was ultimately wrong."  Id.  In Gonzalez-Patino, we similarly found that where the defendant had not argued that his conviction was for conduct that was not "drug trafficking," he could not establish under plain error review that application of a drug trafficking enhancement affected his substantial rights.  2006 WL 1307502, at *2.

Benavidez-Gonzalez has not argued to the district court or to this court that her conduct did not constitute a "drug trafficking offense."  She has not demonstrated that the district court's error affected her substantial rights.  Therefore, her argument fails under plain error review.

B.

Benavidez-Gonzalez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional, facially and as applied to her. Her challenge to the constitutionality of § § 1326(b)(1) and (2) is foreclosed by Alemndarez-Torres v. United States, 523 U.S. 224, 235 (1998), in which the Supreme Court held that the treatment of prior convictions as sentencing factors in sections 1326(b)(1) and (2) is constitutional. Although Benavidez-Gonzalez contends that a majority of the Supreme Court now considers Almendarez-Torres to be incorrectly decided in light of Apprendi, this court has repeatedly rejected arguments like the one made by Benavdiez-Gonzalez and has held that Almendarez-Torres remains binding despite Apprendi. See, e.g., United States v. Mendez-Villa, 346 F.3d 568, 570-71 (5th Cir. 2003) (per curiam). Accordingly, Benavidez-Gonzalez's arguments that § 1326(b)(1) and (2) are unconstitutional in light of Apprendi fail.

III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.