United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50353
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN O. CASTELLANOS, also known as Osmin Castellanos,
also known as Juan Osmin,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1927
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan O. Castellanos appeals the 37-month sentence he
received following his guilty-plea conviction for illegal
reentry, in violation of 8 U.S.C. § 1326.  He contends that the
district court violated his constitutional rights as set forth in
United States v. Booker, 543 U.S. 220 (2005), by finding that his
prior New York rape conviction enhanced his sentence without
submitting the question to a jury and by sentencing him under a
mandatory version of the Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing in the instant case occurred post-Booker, and the district court thus did not err in making factual findings relevant to sentencing. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Castellanos's assertion that the district court sentenced him under a mandatory version of the Guidelines is wholly conclusional and is unsupported by the record. To the extent that Castellanos argues that the district court erred in determining that his rape conviction is a "crime of violence" for enhancement purposes, the argument fails. See U.S.S.G. § 2L1.2, comment. n.1B(iii). Additionally, the district court did not err in refusing to entertain Castellanos's implicit challenge to the validity of his prior rape conviction when the challenge was not grounded in the denial of counsel. See Custis v. United States, 511 U.S. 485, 496-97 (1994). To the extent that Castellanos argues, for the first time on appeal, that the use of his prior rape conviction for enhancement purposes violates the Double Jeopardy Clause, the argument also fails. See Sudds v. Maggio, 696 F.2d 415, 417 (5th Cir. 1983); see also United States v. Hawkins, 69 F.3d 11, 13-15 (5th Cir. 1995).

This court lacks jurisdiction to consider Castellanos's argument that the district court erred in failing to downwardly depart from the guidelines range based on the fact that he reentered the U.S. as a refugee in fear for his life. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).

AFFIRMED.