United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 06-40429

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

JUAN JOSE VEGA-GOMEZ, also known as Juan Vega,

Defendant-Appellant

Appeal from the United States District Court For the Southern
District of Texas, Laredo Division
5:05-CR-02033

Before HIGGINBOTHAM, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:*

Juan Vega-Gomez ("Vega-Gomez") pleaded guilty to attempting to reenter the United States after previously having been deported, in violation of 8 U.S.C. § 1326(a) and (b) (2005).  At sentencing, Vega-Gomez received a 12-level enhancement based on a previous

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for delivery of a controlled substance and was sentenced to 34 months' imprisonment.  Vega-Gomez now appeals his sentence, arguing that (1) the district court erred by enhancing his sentence under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(B) (2005); and (2) the enhancement provisions contained in 8 U.S.C. § 1326(b) are unconstitutional.  For the following reasons, the sentence is AFFIRMED.

I.

On October 13, 2005, Vega-Gomez pleaded guilty, without a written plea agreement, to attempting to reenter the United States after previously having been deported, in violation of 8 U.S.C. § 1326(a) and (b).  The presentence report ("PSR") recommended a 12-level enhancement because of a prior conviction for an Illinois drug offense which called for a sentence of 13 months or less.[1]  This recommendation was based on an Illinois state court conviction for delivery of cocaine in which Vega-Gomez was sentenced to 18 months' probation.

Prior to sentencing, Vega-Gomez asserted that the 12-level upward adjustment was unconstitutional under Apprendi v. New Jersey[2] because it enhanced his sentence beyond 2 years.  In doing so, Vega-Gomez asked the court to hold that § 1326(b) was "facially unconstitutional."

---

[1] U.S.S.G. § 2L1.2(b)(1)(B).

[2] 530 U.S. 466 (2000).

2

At sentencing, the district court overruled Vega-Gomez's objection to the application of the "drug trafficking" enhancement based on Alemdarez-Torres v. United States.[3] After an adjustment for acceptance of responsibility, Vega-Gomez's advisory guidelines imprisonment range was 30 to 37 months. The court sentenced him to 34 months, to be followed by a three-year term of supervised release. This appeal followed.

Vega-Gomez raises two issues: (1) whether the district court misapplied the Guidelines when it enhanced his offense level by 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B); and (2) whether the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional.

## II.

### A.

Vega-Gomez argues that the district court erred by enhancing his sentence by 12 levels because the Illinois conviction for delivery of a controlled substance includes acts that cannot form the basis for a sentencing enhancement under § 2L1.2(b)(1)(B). As Vega-Gomez concedes, we review for plain error since he did not object in the district court to the 12-level enhancement on the basis that his conviction did not constitute a "drug trafficking offense."

Plain error exists when "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's

---

[3]523 U.S. 224 (1998).

3

substantial rights."[4] Even if these conditions are met, an appellate court may exercise its discretion to notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5]

Vega-Gomez argues that a conviction for delivery of a controlled substance under 56 ½ Ill. Comp. Stat. Ann. ¶ 1401 (West 1988)[6] does not qualify as a "drug trafficking offense" because a person can be found criminally liable for "delivery" even if the person only solicited the delivery of drugs,[7] and that solicitation does not qualify as a "drug trafficking offense." We assume without deciding that Vega-Gomez is correct.

We conclude, however, that even if the district court committed obvious error, Vega-Gomez has failed to satisfy the third prong of plain error review. Vega-Gomez bears the burden of proving that the error affected his substantial rights.[8] To meet that burden, he must show a reasonable probability that, but for

---

[4]United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005).

[5]Id. at 358-59.

[6]Vega-Gomez was convicted under former Ill. Rev. Stat. 1985, ch. 56 ½, ¶ 1401(c).

[7]See 38 Ill. Comp. Stat. Ann. § 5-2(c) (West 1961) (formerly Ill. Rev. Stat. 1961, ch. 38, ¶ 5-2(c)); People v. Stanciel, 606 N.E.2d 1201, 1209 (Ill. 1992); People v. Anders, 592 N.E.2d 652, 658 (Ill. App. Ct. 1992); People v. Deatherage, 461 N.E.2d 631, 633-34 (Ill. App. Ct. 1984).

[8]United States v. Olano, 507 U.S. 725, 734 (1993).

the error, he would have received a lesser sentence.[9]

Vega-Gomez does not argue to us that his conviction was for solicitation, the conduct prohibited under the Illinois statute that may not qualify as a "drug trafficking offense."[10] Vega-Gomez does not contend that were the district court to review allowable evidence, that this evidence would show that the conduct for which he was convicted was limited to solicitation and, therefore, not a "drug trafficking offense."[11] Instead, Vega-Gomez simply shows that without the 12-level enhancement he would have received a shorter sentence. Without at least arguing that the drug trafficking enhancement was ultimately wrong, Vega-Gomez cannot show that he would have received a lesser sentence.[12]

Vega-Gomez has not shown that the error - if any - affected his substantial rights. Therefore, his argument fails under plain error review.

B.

Vega-Gomez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Vega-Gomez

---

[9]Villegas, 404 F.3d at 364.

[10]See United States v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006); United States v. Benavidez-Gonzalez, 202 Fed. App'x 718, 720-21 (5th Cir. 2006) (unpublished); United States v. Gonzalez-Patino, 182 Fed. App'x 285, 287 (5th Cir. 2006) (unpublished).

[11]The government argues in its brief that "Vega[-Gomez] does not argue that he was only convicted of solicitation . . . ." Vega-Gomez, in his reply brief, does not challenge this statement.

[12]See Ochoa-Cruz, 442 F.3d at 867.

5

concedes that his challenge to the constitutionality of §§ 1326(b)(1) and (2) is foreclosed by <u>Almendarez-Torres</u>, and raises the argument to preserve it for further review.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

AFFIRMED.