# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-20176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCUS J. LEWIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CR-37-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Marcus Lewis appeals following his jury conviction of being a felon in possession of a firearm.  On appeal, he contends that the district court erred when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it denied his motion to suppress; overruled his Batson v. Kentucky, 476 U.S. 79, 89 (1986), challenges; responded to jury note #1; denied a two-point reduction in sentencing for acceptance of responsibility; and calculated the sentencing base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(A).

Before trial, Lewis unsuccessfully moved to suppress, asserting that the discovery of his firearm was the product of an unconstitutional search. The district court found that the officers' actions were reasonable under the circumstances and permissible under the Fourth Amendment. On appeal, Lewis does not set forth any legal argument or authority or factual analysis to dispute the findings or conclusions, so he has waived review. See United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

Lewis asserts that the court erred in denying his Batson challenges. The Equal Protection Clause forbids a prosecutor to challenge potential jurors solely on account of race. Batson, 476 U.S. at 89. In Batson, the Court outlined a three-step process for evaluating a claim that a prosecutor used peremptory challenges in a manner violating the Equal Protection Clause:

> (1) a defendant must make a prima facie showing that the prosecutor has exercised his peremptory challenges on the basis of race, (2) the burden then shifts to the prosecutor to articulate a race-neutral reason for excusing the juror in question, and (3) the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

United States v. Perkins, 105 F.3d 976, 978 (5th Cir. 1997) (internal quotation marks and citation omitted).

Lewis raised a Batson challenge to the government's decision to strike venire members 3, 13, and 19. In response, the government proffered race-neutral reasons, i.e., knowing the defense attorney and highly unpleasant experiences with police officers. The government related that these same race-neutral reasons were used to strike other venire members. The district court accepted the government's race-neutral reasons and determined that there was no purposeful

discrimination.

We give great deference to a district court's findings regarding the government's discriminatory intent vel non. Hernandez v. New York, 500 U.S. 352, 364-65 (1991). Lewis has not made a showing that the court erred in deciding that the peremptory challenges were not on account of purposeful discrimination.

Lewis asserts that the district court erred as to jury note # 1 regarding constructive possession. Because Lewis objected to the court's response to the note, which may fairly be viewed as a jury instruction, his challenge to the response is reviewed for abuse of discretion. See United States v. Freeman, 434 F.3d 369, 377 (5th Cir. 2005).

A jury instruction need not be a model of perfection to be upheld under this standard. United States v. Branch, 46 F.3d 440, 442 n.2 (5th Cir. 1995). To the contrary, "even if a portion of the jury instructions are not technically perfect, the district court's instructions will be affirmed on appeal if the charge in its entirety presents the jury with a reasonably accurate picture of the law." United States v. Jones, 132 F.3d 232, 243 (5th Cir. 1998).

Contrary to Lewis's statements, constructive possession was at issue, and jury note # 1 raised that issue. The response to the note merely instructed the jury to reread its original instruction concerning the definition of possession. The jury instructions tracked Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 1.31. Lewis does not cite any authority disapproving of the specific pattern instruction. The response thus "present[ed] the jury with a reasonably accurate picture of the law." Jones, 132 F.3d at 243.

Lewis asserts that the district court erred by denying him a two-point reduction for acceptance of responsibility. The court determined that Lewis was not entitled to the reduction, because he challenged the factual basis for the elements of the offense. Lewis fails to set forth any factual analysis to dispute that finding, so he has waived review. See Thames, 214 F.3d at 611 n.3. To the ex-

tent he argues that he went to trial in an effort to continue his challenge on the constitutionality of the initial search or that his going to trial "has the same practical effect as the assertion of an entrapment defense, that is, confession and avoidance," he is not entitled to relief. See United States v. Cordero, 465 F.3d 626, 631-32 (5th Cir. 2006); United States v. Sanchez-Ruedas, 452 F.3d 409, 414-15 (5th Cir.), cert. denied, 127 S. Ct. 315 (2006); United States v. Partida, 385 F.3d 546, 564 (5th Cir. 2004); United States v. Washington, 340 F.3d 222, 229-30 (5th Cir. 2003).

Lewis contends that his base offense level should not be determined by U.S.S.G. § 2K2.1(a)(4)(A). He fails to brief the applicability of that guideline and thus has waived review. See Thames, 214 F.3d at 611 n.3. To the extent he argues that the use of his prior conviction for enhancement purposes violates the Double Jeopardy Clause or that his prior conviction is not a sentencing factor, those arguments fail. See Sudds v. Maggio, 696 F.2d 415, 417 (5th Cir. 1983); Apprendi v. New Jersey, 530 U.S. 466 (2000).

AFFIRMED.